897 So.2d 710 (2004)
STATE of Louisiana
v.
Virgil Lorenzo SMITH.
No. 2004 KA 0800.
Court of Appeal of Louisiana, First Circuit.
December 17, 2004.
*712 Walter P. Reed, District Attorney, Covington, Dorothy A. Pendergast, Metairie, Counsel for Appellee State of Louisiana.
Frank Sloan, Mandeville, Counsel for Defendant/Appellant Virgil Lorenzo Smith.
Before: WHIPPLE, FITZSIMMONS and DOWNING, JJ.
DOWNING, J.
The defendant, Virgil Lorenzo Smith, was charged by bill of information with possession of cocaine in violation of La. R.S. 40:967C. The offense occurred on March 2, 2001. Defendant pled not guilty. After a jury trial, defendant was found guilty as charged. He was sentenced to three years' imprisonment at hard labor. A Multiple Offender Bill of Information was filed, and defendant denied the allegations of the bill.[1] After a hearing, defendant was adjudicated a second-felony offender.[2] The original sentence imposed was vacated, and defendant was sentenced to serve ten years at hard labor without benefit of probation or suspension of sentence, to run consecutively with another multiple offender sentence imposed the same day.[3]
On appeal, defendant relies on two assignments of error for reversal of his multiple offender adjudication and sentence:
1. The trial court erred in admitting an uncertified computer printout of defendant's rap sheet;
2. The trial court erred in imposing an excessive sentence.
After a thorough review of the record, we reverse defendant's multiple offender adjudication, vacate the sentences, and reinstate the original sentences.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant claims the trial court erred when it allowed the State to introduce into evidence an uncertified copy of his "rap sheet" at the multiple offender hearing. Defendant argues that the rap sheet was hearsay and was, therefore, not competent to establish the date of discharge from his most recent period of confinement on the predicate forcible rape conviction. Without this evidence, he argues, the State did not bear its burden of proving that less than ten years had expired between the date of completion of the forcible rape sentence and the commission of the possession of cocaine offense, as required by La. R.S. 15:529.1.

*713 Multiple Offender Charge
Louisiana Revised Statutes 15:529.1 provides a system of enhanced punishments for repeat offenders. The State bears the burden of proof that a defendant is a multiple offender within the meaning of the statute. If a defendant denies the allegations of a multiple offender bill, in a case where the predicate conviction was obtained by virtue of a guilty plea, the initial burden is on the State to prove the existence of the prior guilty plea and that the defendant was represented by counsel. State v. Green, 36,741, p. 6 (La.App.2d Cir.3/5/03), 839 So.2d 970, 976, writ denied, 03-0973 (La.11/7/03), 857 So.2d 517.
La. R.S. 15:529.1C further pertinently provided at the time of defendant's crime of possession of cocaine:
C. This Section shall not be applicable in cases where more than ten years have elapsed since the expiration of the maximum sentence or sentences of the previous conviction or convictions... and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods.
In keeping with the statute, it is well settled that evidence of the date of discharge from a prior felony is an essential element in a multiple offender case. See e.g., State v. Metoyer, 612 So.2d 755, 758 (La.App. 5th Cir.1992). The burden of proof is on the State to demonstrate the ten-year cleansing period for purposes of the multiple offender adjudication has not run unless fewer than ten years have elapsed between defendant's conviction of the predicate felony and his commission of the latest felony. State v. Watts, 98-1073, pp. 15-16 (La.App. 5th Cir.5/19/99), 735 So.2d 866, 874.[4]
In order to prove defendant's date of discharge on his forcible rape conviction at the multiple offender hearing begun on October 9, 2003, the State introduced State Exhibit 3, a document that purported to be a computer printout from the DPSC, entitled "Cajun II Court Docket Record Summary." Contrary to the characterization of defense counsel, the document does not appear to be a "rap sheet." It indicates that Virgil Smith, in case number 270776, received a good time release on July 26, 1995. As this was less than ten years before defendant's 2001 possession of cocaine offense, the cleansing period was sufficiently established if this document was admissible as competent evidence.
At the multiple offender hearing, Detective James Folks, an employee of the St. Tammany Parish Crime Lab Division, identified State Exhibit 3 as a computer document from the DPSC showing the release date for defendant's predicate forcible rape conviction in case number 270776. The State did not elicit any foundation testimony from Folks establishing the basis of his claimed knowledge that Exhibit 3, which was not certified, was an original. He had, however, already identified State Exhibit 1, a certified copy of the bill of information and minutes showing sentencing in case number 270766, which was matched up with the same case number 270766 addressed in State exhibit 3. The trial court admitted the Exhibit over defense *714 objection that the document was not certified by anyone.[5]
Thereafter, the hearing was recessed until November 12, 2003. At that time, the State called Justin Allen, a probation and parole officer employed by the State of Louisiana Department of Public Safety and Corrections. Allen again identified State Exhibit 3 as "a Department of Public Safety and Corrections Services printout from our Cajun II records from our computer system." Allen further indicated that he reviewed the document to determine the release date on defendant's forcible rape conviction.
Defense counsel renewed his objection, this time on the grounds that the document was hearsay and that the witness did not generate it. The trial court asked the witness if he had run the appropriate records that he was testifying from and the witness responded that he had. He then overruled the objection again. However, the witness later testified that he did not "pull up" the Exhibit, which he indicated he first saw about a month before the hearing. However, he insisted that the dates testified to were based on records maintained by the DPSC. He further testified that State Exhibit 3 appeared to be an original and that his department does not have a process for certifying such documents.
When an objection was made again to the document, the trial court ruled: "I think the Court usually relies on this type of documentation. And if it's identified by the Department, then I think that, if nothing else, it would come under the business record document." After personally reviewing the exhibit, the trial court further commented: "It appears this is the same type of documentation the Court relies on in these matters, and at this time I again overrule your objection." At the conclusion of the hearing, the trial court found that defendant was a second-felony offender with respect to the possession of cocaine conviction and that the cleansing period had not elapsed.

Admissibility of Multiple Offender Evidence
Defendant does not contest on appeal the sufficiency of the evidence that he is the same defendant previously convicted of the predicate offense of forcible rape; nor does he complain that his guilty plea in that case was not knowing and voluntary.[6] However, he questions whether the State adequately bore its burden of proving that the cleansing period had not elapsed before commission of his last offense.
La. R.S. 15:529.1F
The Multiple Offender statute, La. R.S. 15:529.1, in Section F, provides that certain types of certified prison records shall constitute prima facie evidence of the *715 imprisonment and discharge of the defendant. It is undisputed, however, that the documents submitted by the State did not meet these criteria.

Public Records Exception
Even so, La. R.S. 15:529.1F does not provide the exclusive way that such matters may be proven; any other competent evidence may be used to establish such proof. State v. Blackwell, 377 So.2d 110, 112 (La.1979).[7] In this regard, the State argues that the document qualified as an admissible public record under La. C.E. art. 803(8). The public document exception to the hearsay rule is based on the principles of necessity and the probability of trustworthiness. State v. Shaw, XXXX-XXXX, pp. 14-15 (La.App. 5th Cir.2/14/01), 785 So.2d 34, 44-45, writ denied, XXXX-XXXX (La.2/8/02), 807 So.2d 861. Properly authenticated exhibits are admissible at a multiple offender hearing under the public records exception to the hearsay rule. State v. Kennerson, 96-1518, pp. 8-15 (La.App. 3d Cir.5/7/97), 695 So.2d 1367, 1373-1377. However, after carefully applying the facts to the hearsay exceptions outlined in La. C.E. art. 803(8), we conclude that the document at issue does not qualify as a public record or report excluded by the hearsay rule, La. C.E. art. 802.[8]

Business Records Exception
Such records may also be admissible if they qualify as records of regularly conducted business activity. La. C.E. art. 803(6).[9] La.Code of Evidence art. 803(6) provides that data compilations made and kept in the regular conduct of business activity, as shown by the testimony of a qualified witness, are admissible as an exception to the hearsay rule unless the circumstances of preparation indicate a lack of trustworthiness. Art. 803(6) provides in pertinent part as follows:
(6) Records of regularly conducted business activity. A memorandum, report, record, or data compilation, in any form, including but not limited to that which is stored by the use of an optical disk imaging system, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. This exception is inapplicable unless the recorded information was furnished to the business either by a person who was routinely acting for the business in reporting the information or in circumstances under which the statement would not be excluded by the hearsay rule. (Emphasis added.)
To be admitted under a business records exception, the person who actually prepared the documents need not have *716 testified, so long as other circumstantial evidence and testimony suggests their trustworthiness. National Information Services, Inc. v. Gottsegen, 98-528, p. 7 (La.App. 5 Cir. 6/1/99), 737 So.2d 909, 914-915.
Even so, the language of La. C.E. art. 803(6) establishes criteria that must be met before evidence can be admitted under this hearsay rule exception, a number of which are not met in the attempt to introduce the documents at issue.[10] For example, the persons who testified regarding the exhibit were in no way qualified. While the district attorney stated that the documents were "original," no witness with personal knowledge testified to how the document was generated or that it was identical to the record retained in the computer. Under La. C.E. art. 602, a witness may testify only to matters about which he has personal knowledge. This personal knowledge requirement would require that Justin Allen either pulled up or witnessed someone pulling up the record. The district attorney was not a witness, and the trial court's observation that the exhibit was an original had no weight.
Louisiana Code of Evidence art. 803(6) also requires that the report be made at or near the time by, or from information transmitted by, a person with knowledge. In the matter before us, there is no evidence when the report was made or who the source of the information was. La. C.E. art. 803(6) requires that the information be furnished by a person who was routinely acting for the DPSC in reporting the information or in circumstances under which the statement would not be excluded by the hearsay rule. Nor was there any required testimony that the document was made and kept in the course of regularly conducted business activity or that it was the regular practice of the DPSC to make and to keep the documents.
Accordingly, the exhibit does not qualify for the business records exception to the hearsay rule.

La. C.E. art. 901 Authentication
While the State only argues that the exhibit qualified as an exception to the hearsay rule as a public record or as a business record, we also look at La. C.E. art. 901 to examine whether the exhibit might otherwise be properly authenticated.[11] One acceptable method of authenticating a business record is through the testimony of a witness with knowledge that the record is what it is claimed to be. La. C.E. art. 901B(1). More specifically, evidence that a purported public document is from the public office where items of that nature are kept is sufficient. La. C.E. art. 901B(7). But La. C.E. art. 602's requirement that testimony be from personal knowledge precludes admissibility under these paragraphs, even if the exhibit otherwise qualified under these paragraphs, which we specifically do not decide. As discussed above, no one testified to when or how the report was printed, whether it was identical to the record kept by DPSC, or whether any basis existed from which the trial court could have determined that the document in question is what it was purported to be.
Accordingly, without any form of proper authentication, the exhibit was not admissible. Therefore, we conclude that the trial court abused its discretion in admitting State Exhibit 3 into evidence.
There is merit in this assignment of error. We note that where the consequences *717 are so grave, it would have been a small matter to have a document certified under La. C.E. art. 902(2)(b) so that it could be self-authenticating, if the document could not have been certified under the procedure outlined in La. R.S. 15:529.1F. But without the evidence contained in State's Exhibit 3, there is no evidence in the record of the multiple offender hearing from which the trial court could have concluded that the State met its burden of proving that this second conviction fell within the ten-year cleansing period for purposes of the multiple offender adjudication.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, defendant contends that the sentence imposed on him was excessive.[12] However, for the above reasons, we reverse the conviction and vacate the sentence imposed by the trial court. This assignment of error is moot.

DECREE
For the foregoing reasons, we reverse the conviction and vacate the sentence imposed by the trial court in this matter. We reinstate the sentence originally imposed by the trial court on January 16, 2003.
MULTIPLE OFFENDER ADJUDICATION REVERSED AND SENTENCE VACATED; ORIGINAL SENTENCE REINSTATED
FITZSIMMONS, J., concurs in the result.
WHIPPLE, J., dissents and would affirm the trial court.
NOTES
[1] The Multiple Offender Information alleged that defendant should be adjudged a second-felony offender. It asserted that, in addition to defendant's conviction of the March 2, 2001 offense of possession of cocaine, defendant had previously been convicted of forcible rape on July 29, 1979 and sentenced to twenty-five years imprisonment at hard labor.
[2] The charges in case numbers 334402 and 357134 were consolidated for purposes of the Multiple Offender Bill Hearing.
[3] In the meantime, defendant appealed his underlying conviction and three-year sentence for possession of cocaine, asserting that the evidence used to convict him had been illegally obtained. In an unpublished opinion, we rejected this complaint and affirmed defendant's underlying conviction and sentence. State v. Smith, 03-1341 (La.App. 1 Cir. 2/23/04), 868 So.2d 322. The facts regarding the underlying conviction are fully discussed in that opinion.
[4] The cleansing period in effect on the date of the commission of the offense being enhanced rather than the period in effect at the time of conviction of the predicate offense governs. State v. Harbor, 01-1261, p. 9 (La.App. 5 Cir. 4/10/02), 817 So.2d 223, 228, writ denied, 02-1489 (La.5/09/03), 843 So.2d 388.
[5] Defense counsel conceded that the certified Copy introduced as State Exhibit I was properly admitted into evidence, although he argued that it would be preferable for the Clerk of Court to appear to authenticate the documents.
[6] At the multiple offender hearing held on October 9, 2003, the State introduced into evidence the indictment charging defendant with forcible rape in case number 270776. State Exhibit 1. A certified copy of the minutes of the Orleans Parish Criminal District Court showing that Virgil Smith, represented by counsel, pled guilty to the charge and was convicted on July 29, 1979 in case number 270776, after being fully apprised of his Boykin rights, was also admitted. State Exhibit 1. In addition, defendant's fingerprints were shown on the arrest record for case number 270776, compared to the fingerprints of the defendant taken in court, and a match was demonstrated. Thus, the trial court had ample evidence before him to show that defendant was the same Virgil Smith who committed the predicate forcible rape.
[7] Note, however, that all the cases we could find citing Blackwell rely on other certified evidence contained in the record.
[8] La. C.E. art. 802 provides that "[h]earsay is not admissible except as otherwise provided by this Code or other legislation."
[9] But see note 3, La. C.E. art. 803(6), 2004 Authors' notes, for a discussion of constitutional concerns connected to utilizing the business records exception in a criminal context. Since we conclude that the records at issue do not qualify for the business records exception, we do not address those concerns here.
[10] For one compilation of evidence necessary to qualify documents for admissibility under the business records exception, see Appendix D, Checklist 5, Handbook on Louisiana Evidence 2004 (2004).
[11] It is also undisputed that the documents are not self-authenticating in accordance with La. C.E. art. 902.
[12] Defendant orally moved for reconsideration of his sentence. His motion was denied.