HUGHES, J.
|2The defendant, Billy R. Taylor, was charged by amended bill of information with one count of fourth-offense driving while intoxicated (count I),[1] a violation of *1064 LSA-R.S. 14:98, and one count of unauthorized entry of an inhabited dwelling (count II), a violation of LSA-R.S. 14:62.8, and pled not guilty on both counts.[2] The State severed count II, and proceeded to trial on count I only. Following a jury trial, the defendant was found guilty as charged on count I. Thereafter, the State nol-prossed count II. On count I, the defendant was sentenced to twelve years at hard labor. He now appeals, contending that the trial court erred in permitting an employee of the division of probation and parole to testify regarding the time that the defendant was in the custody of the department of corrections and that the evidence was insufficient to support the verdict. For the following reasons, we reverse the conviction on count I, vacate the sentence on count I, and remand for a new trial.
FACTS
St. Tammany Parish Sheriffs Office Deputy Brandon Bass testified at trial that on June 29, 2007, at approximately 12:04 a.m., he was driving behind the defendant, northbound on Louisiana Highway 41. Deputy Bass saw the defendant swerving between the fog line and the center line, and initiated a traffic stop of the defendant’s vehicle. The defendant exited his |svehicle and walked toward Deputy Bass. The defendant was unsteady on his feet, had trouble keeping his balance, and could “barely stand up.” Deputy Bass began talking with the defendant and detected a strong odor of alcohol on his breath. The defendant also slurred his speech and had bloodshot eyes. Deputy Bass took the defendant into custody, called for a wrecker, and went to check on the two children (ages four and twelve) who were in the defendant’s vehicle. During a subsequent inventory search of the defendant’s vehicle, Deputy Bass discovered a plastic cup on the floorboard that was filled with a dark-colored liquid which smelled like bourbon. The defendant refused to participate in any field-sobriety tests and refused to take a breathalyzer test. Prior to refusing the breathalyzer test, he screamed at, cursed, and threatened the deputies.
The State and the defense stipulated that Neil Fiest was an expert in the identification and taking of fingerprints. Fiest testified that he had fingerprinted the defendant and that the defendant’s fingerprints matched those appearing on the back of the bill of information contained in the original record of predicate # 2.

IMPROPER TESTIMONY OF PROBATION AND PAROLE OFFICER CONWAY; SUFFICIENCY OF THE EVIDENCE

In assignment of error number 1, the defendant argues that the trial court erred in permitting the testimony of Probation and Parole Officer Conway concerning the period of the defendant’s incarceration in connection with predicate # 8. In assignment of error number 2, the defendant contends that without the testimony of Officer Conway, there was insufficient evidence to exclude predicate #3 from the cleansing period of LSA-R.S. 14:98(F)(2), and thus, insufficient evidence of the offense.
|4In cases such as this one, where the defendant raises issues on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should preliminarily determine the sufficiency of the evidence before discussing the other issues raised on appeal. When the entirety of the evidence, both admissible and inadmissible, is sufficient to *1065 support the conviction, the accused is not entitled to an acquittal, and the reviewing court must review the assignments of error to determine whether the accused is entitled to a new trial. State v. Hearold, 603 So.2d 731, 734 (La.1992); State v. Smith, 2003-0917, pp. 3-4 (La.App. 1st Cir.12/31/03), 868 So.2d 794, 798. Accordingly, we will first address the defendant’s second assignment of error, which challenges the sufficiency of the State’s evidence.

SUFFICIENCY OF THE EVIDENCE

The standard of review for sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime and the defendant’s identity as the perpetrator of that crime beyond a reasonable doubt. In conducting this review, we also must be expressly mindful of Louisiana’s circumstantial evidence test, which states in part, “assuming every fact to be proved that the evidence tends to prove, in order to convict,” every reasonable hypothesis of innocence is excluded. State v. Wright, 98-0601, p. 2 (La.App. 1st Cir.2/19/99), 730 So.2d 485, 486, writs denied, 99-0802 (La.10/29/99), 748 So.2d 1157, 2000-0895 (La.11/17/00), 773 So.2d 732 (quoting LSA-R.S. 15:438).
When a conviction is based on both direct and circumstantial evidence, the reviewing court must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct | ..¡evidence is thus viewed, the facts established by the direct evidence and the facts reasonably inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. Wright, 98-0601 at p. 3, 730 So.2d at 487.
The reviewing court is required to evaluate the circumstantial evidence in the light most favorable to the prosecution and determine if any alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. When a case involves circumstantial evidence and the trier of fact reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another' hypothesis that raises a reasonable doubt. Smith, 2003-0917 at p. 5, 868 So.2d at 799.
The crime of operating a vehicle while intoxicated is the operating of any motor vehicle when the operator is under the influence of alcoholic beverages. LSA-R.S. 14:98(A)(l)(a).
After a thorough review of the record, we are convinced that the entirety of the evidence, including erroneously admitted evidence, viewed in the light most favorable to the State, proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, all of the elements of fourth-offense operating a vehicle while intoxicated, and the defendant’s identity as the perpetrator of that offense. The jury reasonably rejected the hypotheses of innocence presented by the defense. In reviewing the evidence, we cannot say that the jury’s determination was irrational under the facts and circumstances presented to them. See State v. Ordodi, 2006-0207, p. 14 (La.11/29/06), 946 So.2d 654, 662.
| (¡IMPROPER TESTIMONY
Hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered into evidence to prove the truth of the matter asserted. LSA-C.E. art. 801(C). Hearsay is not admissible except as otherwise pro *1066 vided by the Louisiana Code of Evidence or other legislation. LSA-C.E. art. 802.
At trial, the State presented testimony from Probation and Parole Officer Jack Conway. Officer Conway indicated that he had supervised the parole of the defendant for “several months.” The State asked Officer Conway if he could testify in regard to when the defendant entered jail and when he was released from jail, and Officer Conway began looking at documentation in his file. The defense objected to Officer Conway “reading from his notes.” The court directed that Officer Conway request permission before refreshing his recollection. The State asked Officer Conway if he had any independent recollection of the time that the defendant was in jail, and Officer Conway gave a negative response. He answered affirmatively, however, when asked if he had documentation in his file that would assist him in determining the period of the defendant’s incarceration. The State asked that Officer Conway be allowed to “look at his notes and refresh his memory” and the court granted the motion. The defense objected, arguing that Officer Conway was reading directly from his notes, rather than refreshing his memory. The defense argued that Officer Conway should be given an opportunity to look at the documents in his file, but then the documents had to be removed from his control prior to his testifying. The court overruled the objection finding that the documents were “clearly business records kept in the normal course.” The defense also argued that Officer Conway was not the parole officer who generated the report, and |7thus, his testimony was hearsay. The State responded, “It’s CAJUN; it’s kept in the course of their business. I can give him that, that one sheet that shows that. It’s a CAJUN document. That’s all I intend to use them for, not going through the history of the guy’s file.” The court overruled the objection, and the defense objected to the court’s ruling. Thereafter, Officer Conway testified that the defendant was incarcerated from November 13, 1997 to March 22, 2002.
State v. Smith, 2004-0800 (La.App. 1st Cir.12/17/04), 897 So.2d 710, involved an appeal of a conviction for possession of cocaine and an adjudication as a second-felony habitual offender. Smith, 2004-0800 at p. 2, 897 So.2d at 712. In Smith, this court found merit in the defendant’s challenge to the admission into evidence of “Cajun II Court Docket Record Summary” to establish his date of release for a predicate forcible rape conviction. Smith, 2004-0800 at p. 4, 897 So.2d at 713. We noted that although Detective James Folks, an employee of the St. Tammany Parish Crime Lab Division, had identified the challenged document as a computer document from the DPSC showing the release date for the defendant’s predicate forcible rape conviction, the State had failed to elicit any foundation testimony from him establishing the basis for his claimed knowledge that the document, which was not certified, was an original. Id. We also noted that Probation and Parole Officer Justin Allen testified that he did not “pull up” the challenged document, and that he had seen the document for the first time only a month before the habitual-offender hearing. Smith, 2004-0800 at p. 5, 897 So.2d at 714. We found that, “no one testified to when or how the report was printed, whether it was identical to the record kept by DPSC, or whether any basis existed from which the trial court could have determined that the document in question is what it | Swas purported to be.” Smith, 2004-0800 at pp. 9-10, 897 So.2d at 716. We concluded that the document neither qualified as a public record nor as a business record. Smith, 2004-0800 at pp. 6-9, 897 So.2d at 715-16.
*1067 In the instant ease, the trial court erred in allowing Officer Conway to read the defendant’s incarceration dates into evidence. The State did not introduce the document relied upon by Officer Conway into evidence. Rather, the State claimed that it was using the document to “refresh” Officer Conway’s recollection. Officer Conway conceded, however, that he had no independent recollection of the time that the defendant was in jail. Thus, rather than Officer Conway refreshing his recollection, he merely read the document into evidence over defense objection. In a criminal case, any writing, recording, or object may be used by a witness to refresh his memory while testifying. If a witness asserts that his memory is refreshed, he must then testify from memory independent of the writing, recording, or object. LSA-C.E. art. 612(B). However, there is no indication in the record that, once refreshed, Officer Conway testified from his memory.
Confrontation errors are subject to a harmless-error analysis. Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674 (1986). The correct inquiry is whether the reviewing court, assuming that the damaging potential of the cross-examination was fully realized, is nonetheless convinced that the error was harmless beyond a reasonable doubt. Van Arsdall, 475 U.S. at 684, 106 S.Ct. at 1438. Factors to be considered by the reviewing court include “the importance of the witness’ testimony in the prosecution’s case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise |9permitted, and, of course, the overall strength of the prosecution’s case.” Van Arsdall, 475 U.S. at 684, 106 S.Ct. at 1438; State v. Wille, 559 So.2d 1321, 1332 (La.1990), cert. denied, 506 U.S. 880, 113 S.Ct. 231, 121 L.Ed.2d 167 (1992). The verdict may stand if the reviewing court determines that the guilty verdict rendered in the particular trial is surely unattributable to the error. Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993). State v. Broadway, 96-2659, p. 24 (La.10/19/99), 753 So.2d 801, 817, cert. denied, 529 U.S. 1056, 120 S.Ct. 1562, 146 L.Ed.2d 466 (2000).
LSA-R.S. 14:98(F)(2)[3], in pertinent part, provides:
For purposes of this Section, a prior conviction shall not include a conviction for an offense under this Section ... if committed more than ten years prior to the commission of the crime for which the defendant is being tried and such conviction shall not be considered in the assessment of penalties hereunder. However, periods of time during which the offender was incarcerated in a penal institution in this or any other state shall be excluded in computing the ten-year period.
After a thorough review of the record, we cannot say that the error in allowing the defendant’s period of incarceration to be read into the record was not harmless in this case. Predicate # 3 was committed twelve years and nineteen days before the instant offense. In order for predicate # 3 to escape exclusion under LSA-R.S. 14:98(F)(2), the State had to establish that the defendant was “incarcerated in a penal institution in this or any *1068 other state” for at least two years and nineteen days.
|T()In addition to having Officer Conway read the defendant’s incarceration dates into the record, the State introduced into evidence certified copies of bills of information and minutes concerning the three predicate offenses. Those documents, however, did not establish how long the defendant was incarcerated and the State offered no other evidence on that issue. This assignment of error has merit. Therefore, we reverse the conviction on Count I and remand for a new trial.
REVIEW FOR ERROR
Initially, we note that our review for error is pursuant to LSA-C.Cr.P. art. 920, which provides that the only matters to be considered on appeal are errors designated in the assignments of error and “error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” LSA-C.Cr.P. art. 920(2).
The trial court failed to impose the mandatory fine of five thousand dollars. See LSA-R.S. 14:98(E)(l)(a). We note that the fine is required under LSA-C.Cr.P. 920(2), but it certainly is not inherently prejudicial to the defendant and has not been raised by the State in either the trial court or on appeal. In any event, because we must vacate the sentence, the matter is moot.
CONVICTION ON COUNT I REVERSED AND SENTENCE VACATED; REMANDED FOR NEW TRIAL.
WHIPPLE, J., dissents for reasons assigned.

. Predicate # 1 was set forth as the defendant’s November 10, 1997 conviction, under Twenty-second Judicial District Court Docket # 258704, for DWI. The documentation introduced into evidence at trial, however, indicated that the defendant pled guilty to predicate # 1 on November 13, 1997. Predicate #2 was set forth as the defendant’s November 13, 1997 conviction, under Twenty-second Judicial District Court Docket # 279245, for DWI. Predicate # 3 was set forth as the defendant's August 24, 1995 guilty plea, under Twenty-first Judicial District Court Docket # 70746, to DWI.

. The defendant was not rearraigned following amendment of the bill, but failed to object to the lack of rearraignment prior to trial. See LSA-C.Cr.P. art. 555.

. The applicable version of LSA-R.S. 14:98 is the version in effect on the date of the commission of the instant offense. See State v. Barbay, 2007-1976 (La.App. 1st Cir.3/26/08), 985 So.2d 749. The instant offense was committed on June 29, 2007. Accordingly, we apply LSA-R.S. 14:98(F)(2) prior to amendment by 2008 La. Acts No. 640, § 1.