706 So.2d 419 (1997)
STATE of Louisiana
v.
Ronnie K. HONGO.
No. 96-KK-2060.
Supreme Court of Louisiana.
December 2, 1997.
Richard P. Ieyoub, Attorney General, Baton Rouge, Don M. Burkett, District Attorney, Many, Charles B. Adams, Coushatta, Loren M. Lambert, Salt Lake City, UT, for Applicant.
*420 Ronnie K. Hongo, for Respondent, Pro Se.
Laurie A. White, New Orleans, for Respondent.
TRAYLOR, Justice.[*].
The single issue presented in this case is whether an erroneous jury instruction which, in violation of State v. Butler, 322 So.2d 189 (La.1975), improperly includes intent to inflict great bodily harm as an element of attempted second degree murder is subject to harmless error analysis.
Because it does not rise to the level of a structural error that would necessarily preclude a defendant from receiving a fair trial, we find that the aforementioned improper jury instruction is subject to a harmless error review to determine if the defendant is indeed prejudiced by the error. We further find that the error of defendant Hongo's counsel, wherein he failed to object to the erroneous instruction, did not prejudice Hongo and thus did not amount to ineffective assistance. Therefore, we reverse the court of appeal's order for a new trial.

FACTS AND PROCEDURAL HISTORY
On June 4, 1991, defendant Ronnie K. Hongo entered the Garner residence, and firing twice, shot the victim Karen Garner. The wound was not fatal. Hongo was subsequently indicted and convicted of attempted second degree murder. On appeal, the defendant's conviction and sentence were ultimately upheld. State v. Hongo, 625 So.2d 610 (La.App. 3d Cir.1993), writ denied, 631 So.2d 1163 (La.1994), on resentencing, 94-00212 (La.App. 3d Cir. 10/5/94), 642 So.2d 898.
Defendant made application for post-conviction relief claiming that his constitutional rights were violated by the trial court's inclusion in the jury instructions of "intent to inflict great bodily harm" as an element of attempted murder. In an extremely sparse one-paragraph decision, the court of appeal, by a two to one decision, reversed defendant's conviction, vacated his sentence, and ordered a new trial.
The court of appeal correctly found that the attempted murder jury instruction did violate this Court's rule articulated in Butler, 322 So.2d at 189, by the inclusion of intent to inflict great bodily harm along with the intent to kill. The court then went on to grant Hongo's application finding his "counsel was ineffective in failing to object to the erroneous jury instructions on attempted second degree murder." State v. Hongo, 96-0243 (La.App. 3d Cir. 9/7/96)(citing to State v. Pyke, 93-1506 (La.App. 3d Cir. 5/4/94), 640 So.2d 460). However, as dissenting Judge Sullivan pointed out, the court of appeal did not conduct a harmless error analysis to determine whether defendant Hongo was in fact prejudiced by this error.
Judge Sullivan stated that such an error is a trial error, versus a structural one, and is thus subject to harmless error analysis. He would have found the error harmless as the jury was presented with the resolution of whether Hongo went to the Garner residence with the intent to kill as alleged by the State or if the victim was accidentally shot as alleged by defendant. Thus, he concluded the error to be harmless as the jury was presented with no version of the facts, nor any arguments, that defendant had only the intent to inflict great bodily harm.

DISCUSSION

Butler Error
As previously stated, the trial court's jury instructions violated the well-established rule of State v. Butler, 322 So.2d 189 (La. 1975), which requires that in order to find a defendant guilty of attempted second degree murder, the State must prove that the defendant had the specific intent to kill. The intent to inflict great bodily harm, while an element of second degree murder, may not be used to support a conviction of attempted murder. Id. at 192-93.
In the instant case the trial court, when instructing the jury as to the elements of the crime, simply read from the definition of second degree murder, La. R.S. 14:30.1(A)(1), followed by the definition of attempt. La. R.S. 14:27. Consequently, the *421 court included the intent to inflict great bodily harm in the definition of second degree murder.[1] The instant case is therefore dissimilar to Butler, wherein the State specifically argued intent to commit great bodily harm with numerous supporting rulings from the trial court. Notwithstanding this distinction, the trial court did issue erroneous instructions to the jury by including the "intent to inflict great bodily harm" along with the proper and required "intent to kill" and such an instruction is error.

Structural Error
Having determined that the court did err in its jury instructions, we now turn to whether such an error is an inherently prejudicial structural error which automatically requires reversal, as argued by defendant and held by the court of appeal, or whether it falls within the vast category of trial errors which are subject to harmless error analysis and only warrant reversal where the defendant is actually prejudiced by the error.
In granting the defendant a new trial, the court of appeal relied upon its own State v. Pyke, 93-1506 (La.App. 3d Cir. 5/4/94), 640 So.2d 460, for the proposition that the erroneous instruction at issue is a structural error which always mandates reversal. The Pyke decision, dealing with precisely the same misinstruction on direct review, held:
The "specific intent to inflict bodily harm" error in this case must be likened to the "beyond-a-reasonable doubt" error which the United States Supreme Court in Sullivan determined is "structural" and vitiates all the jury findings. Pyke, 640 So.2d at 465.
The referred to Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), determined that a jury instruction which improperly defines "reasonable doubt" constitutes a "structural error" which denies a defendant his Sixth Amendment right to a jury trial because the jury has judged him by the wrong standard.
However, all constitutional errors are not structural and indeed, most are amenable to harmless error analysis. Sullivan, 508 U.S. at 278-79, 113 S.Ct. at 2081 (citing to Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)).[2] An invalid instruction on the elements of an offense is harmless if the evidence is otherwise sufficient to support the jury's verdict and the jury would have reached the same result if it had never heard the erroneous instruction. E.g., Rose v. Clark, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986); State v. West, 568 So.2d 1019 (La.1990)(following Rose). The determination is based upon "whether the guilty verdict actually rendered in this trial was surely unattributable to the error." Sullivan, 508 U.S. at 279, 113 S.Ct. at 2081; State v. Bourque, 622 So.2d 198, 241 n. 20 (La.1993)(citing Sullivan). As repeatedly stated by the United States Supreme Court, "[a] defendant is entitled to a fair trial but not a perfect one." E.g., Bruton v. United States, 391 U.S. 123, 135, 88 S.Ct. 1620, 1627, 20 L.Ed.2d 476 (1968).
The Third Circuit misinterprets Sullivan. An improper definition of reasonable doubt permeates an entire verdict in that the jury has applied the wrong standard in judging the defendant on each and every element and a reviewing court has no way of discerning whether or not the jury would have found the same elements had they applied the proper standard.
Conversely, the erroneous instruction at issue merely added the improper additional element of "intent to inflict great bodily harm" along with the proper "intent to kill." *422 The jury is thus presented with the proper standard and may not be presented with evidence which could support the improper element. In such a circumstance a reviewing court, following Sullivan, 508 U.S. at 279, 113 S.Ct. at 2081 can determine if the verdict is unattributable to the erroneous instruction. Therefore, this error is not of such magnitude as to vitiate all jury findings and may well have had no effect whatsoever.
Because the erroneous instruction at issue may be an irrelevancy and because a reviewing court can make this determination, the error is not structural such as that in Sullivan, but rather a trial error which may or may not have prejudiced defendant and thus is subject to harmless error analysis,[3] or in the case of an ineffective assistance claim, an analysis of whether defendant was prejudiced by the error.

Ineffective Assistance.
To prevail in a post-conviction ineffective assistance of counsel claim, the defendant must establish (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) that there is a reasonable probability that but for counsel's inadequate performance the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Washington, 491 So.2d 1337, 1339 (La.1986).
The first prong is easily met here as the rule of Butler is well-established with over twenty years duration and a reasonably competent attorney would know of it and properly object when presented with the instant erroneous instruction.
As to the second prong, whether defendant was harmed or prejudiced by counsel's error, we agree with Judge Sullivan's analysis articulated in his dissent to the court of appeal's grant and order for new trial. The jury in this case was presented with a binary choice between the State's version of what occurred and the defendant's. The defendant testified that he and the victim were struggling over the gun when it accidentally discharged twice. The State argued and presented sufficient evidence to show that the defendant entered with the intent to kill the victim but failed to complete his plans. State v. Hongo, 625 So.2d 610 (La.App. 3d Cir.1993), writ denied, 631 So.2d 1163 (La.1994). There was no argument or evidence presented to the jury which would support a finding that the defendant had the intent to only inflict great bodily harm. Indeed, given only the two versions that were presented, no reasonable jury could have concluded that defendant had the intent to only inflict great bodily harm. Thus the court's erroneous inclusion of intent to inflict great bodily harm did not prejudice the defendant, nor would its omission have affected the verdict.
Therefore, because defendant was not prejudiced by his counsel's failure to object, he has failed to satisfy the second prong of an ineffective assistance claim.

CONCLUSION
Because an erroneous jury instruction which improperly includes intent to inflict great bodily harm as an element of attempted second degree murder is not a structural error mandating reversal and because defendant Hongo was not prejudiced by counsel's failure to object to the erroneous jury instruction, post-conviction relief is not warranted.
For the foregoing reasons, the court of appeal's order for a new trial is reversed and defendant's conviction and sentence are reinstated.
REVERSED.
NOTES
[*] Knoll, J., not on panel, recused. Rule IV, Part 2, § 3.
[1] We note that the recommended instructions regarding attempted crimes in the LOUISIANA JUDGE'S CRIMINAL BENCH BOOK, § 10.03 (1993), and CHENEY C. JOSEPH, JR. & P. RAYMOND LAMONICA, 17 LOUISIANA CIVIL LAW TREATISE, § 10.03 (1994), if applied mechanically, leads to an erroneous instruction such as the one in the instant case. Although the comments following § 10.03, Attempt, and § 10.09, Second Degree Murder, discuss the Butler error, a clarification within the text itself is warranted.
[2] See Arizona v. Fulminante, 499 U.S. at 306-07, 111 S.Ct. at 1263 for a listing of errors the Court found amenable to harmless error analysis and see Sullivan, 508 U.S. at 279, for the much shorter list of errors the Court found would always invalidate the verdict.
[3] Although this case is before us via post-conviction proceedings because of trial counsel's failure to object, we note that because we find that the instant error is not structural, it necessarily is not of such significance as to violate fundamental requirements of due process, See State v. Williamson, 389 So.2d 1328 (La.1980), and thus a defendant must make a contemporaneous objection in order to preserve the error for direct review. State v. Thomas, 427 So.2d 428, 435 (La.1982) (on rehearing) (limiting Williamson as it "should not be construed as authorizing appellate review of every alleged constitutional violation and erroneous jury instruction urged first on appeal without timely objection.")