**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-30893

RONNIE HONGO,

Petitioner-Appellee,

VERSUS

BURL CAIN, Warden,
Louisiana State Penitentiary, Angola, Louisiana,

Respondent-Appellant.

Appeal from the United States District Court
For the Western District of Louisiana
(5:98-CV-2305)

June 18, 2001

Before STEWART and PARKER, Circuit Judges, and GOLDBERG, Judge.[*]

PER CURIAM:[**]

Burl Cain, Warden of the Louisiana State Penitentiary in

---

[*]Judge of the United States Court of International Trade, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Angola, Louisiana (referred to hereafter as the "State"), appeals the district court's grant of habeas corpus relief to Petitioner Ronnie K. Hongo, Louisiana prisoner #98420. We reverse.

## FACTS AND PROCEDURAL HISTORY

Hongo was convicted in a Louisiana state court of attempted second-degree murder and sentenced to life imprisonment without benefit of parole. He was also convicted of possession of a firearm by a felon, for which he received a five-year sentence.

Hongo shot Karen Garner in the head with a pistol and blinded her in one eye. At trial, Garner testified that Hongo appeared at her front door armed with the pistol and that he shot at her twice, striking her once. According to the testimony of Officer Martone, Hongo admitted, shortly after his arrest, that he went to Garner's home to shoot Garner's father and said that he did not mean to shoot Garner. At trial, Hongo testified that he went to the Garner house with a 20 gauge shotgun in his pants, but no pistol. He claimed he was talking to Garner, who had the pistol on a nearby table, when they got into a playful wrestling match during which the pistol was accidentally discharged. Hongo denied making the incriminating statements after his arrest.

Hongo appealed, alleging that Officer Martone's testimony about Hongo's post-arrest statement was improper and that his prior convictions were not grounds for an enhancement. Hongo's conviction was affirmed, but the matter was remanded to correct a

2

sentencing error. *State v. Hongo*, 625 So.2d 610, 620 (La. App. 3 Cir. 1993).

Hongo filed a state habeas petition, alleging that his sentence was unconstitutionally excessive and that his counsel was ineffective for failing to object to the use of a 1977 felony conviction and to a clearly erroneous jury instruction. Hongo contended that the jury was erroneously instructed on the elements of attempted second-degree murder. The state judge had instructed Hongo's jury that second-degree murder required specific intent to kill *or inflict great bodily harm*. Hongo argued that, under Louisiana law, attempted murder requires that the state prove specific intent to kill. The state district court denied relief without written reasons. The state intermediate appellate court, in a two-to-one split-panel decision, found that Hongo's attorney was ineffective, granted relief, and vacated Hongo's conviction. The Louisiana Supreme Court reversed and reinstated Hongo's conviction. *State v. Hongo*, 706 So.2d 419, 422 (La. 1997). The Louisiana Supreme Court found that the state presented sufficient evidence that Hongo had the intent to kill the victim but failed to complete his plans and that there was no evidence presented to the jury which would support a finding that Hongo had the intent to inflict great bodily harm. *Id.* Therefore, the Louisiana Supreme Court concluded that although Hongo's counsel's performance fell below prevailing professional norms, his deficient performance did

3

not prejudice the defendant. *Id.* Hongo filed a second state habeas petition on an unrelated issue, which was denied.

Hongo then filed this federal habeas petition, alleging that the erroneous jury instruction concerning intent to inflict great bodily harm mandated a reversal without a harmless error analysis and that trial counsel was ineffective for failing to object to the erroneous jury instruction on attempted second-degree murder and attempted manslaughter. The magistrate judge, in a report and recommendation, noted that the state conceded that the trial court improperly instructed the jury on the standard for finding attempted second-degree murder and that the error rendered the instruction constitutionally deficient. The magistrate judge employed harmless error analysis and found that, despite the error, there was no reasonable probability that the jury would have returned a different verdict had the instruction been consistent with the law. Thus, the magistrate judge concluded that Hongo failed to establish prejudice arising from counsel's failure to object to the erroneous jury instruction. Hongo filed objections to the magistrate judge's report and recommendation.

The district court conducted a *de novo* review, and found that the erroneous jury instruction, combined with erroneous statements of law to the jury by both defense counsel and the prosecutor had a substantial effect or influence on the verdict such that there was more than a reasonable possibility that the result would have

4

been different had the jury been properly instructed. The district court found that defense counsel's failure to object to the erroneous instruction was deficient performance, and that defense counsel's error resulted in prejudice given the frequency of the erroneous statement and the Fifth Circuit's holding in *Gray v. Lynn*, 6 F.3d 265 (5th Cir. 1993). The district court conditionally granted Hongo's writ of habeas corpus, vacated his conviction and ordered that he be released from custody unless the state, within 180 days, commenced its prosecution.

The State timely appealed. No certificate of appealability is required because a representative of the State is appealing the district court's grant of habeas relief. *See* FED. R. APP. P. 22(b)(3).

## DISCUSSION

### A. Standard of review

"In a habeas corpus appeal, we review the district court's findings of fact for clear error and review its conclusions of law *de novo*, applying the same standard of review to the state court's decision as the district court." *Thompson v. Cain*, 161 F.3d 802, 805 (5th Cir. 1998).

> A district court shall not grant Federal habeas relief for any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

5

Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In reviewing the state court's decisions regarding questions of law under the "unreasonable application" clause, a federal habeas court may not issue a writ simply because that court concludes, in its independent judgment, that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *Williams v. Taylor*, 529 U.S. 362, ___, 120 S. Ct. 1495, 1522 (2000). Rather, that application must also be unreasonable. *Id.* A federal habeas court making the "unreasonable application" inquiry must ask whether the state court's application of clearly established federal law was objectively[1] reasonable. *Id.* Mixed questions of fact and law are likewise reviewed for unreasonable application of clearly established federal law. *See Lockhart v. Johnson*, 104 F.3d 54, 56-57 (5th Cir. 1997).

A state court's factual determinations are reviewed to determine whether the state court's adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

---

[1]*Williams* rejected the Fifth Circuit's apparently subjective "reasonable jurist" standard set out in *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996). *Beazley v. Johnson*, ___ F.3d ___, 2001 WL 118393 (5th Cir. 2001).

the state court proceeding. *See id.* A determination of a factual issue made by a state court shall be presumed to be correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* § 2254(e)(1).

To obtain relief based upon ineffective assistance of counsel, a defendant must demonstrate both that his counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance must be highly deferential, and courts must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct. *Id.* at 689. The defendant bears the burden of proving both deficient performance and prejudice resulting from error. *Westley v. Johnson*, 83 F.3d 614, 719 (5th Cir. 1996). To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

**B. Was Hongo prejudiced by counsel and district court errors?**

The State concedes, as it has throughout Hongo's habeas proceedings, that the trial court erroneously instructed the jury on the elements of attempted second-degree murder. The trial court instructed the jury that in order to be convicted of second-degree

7

murder the jury had to find that the defendant had the specific intent to kill or inflict great bodily harm.  Under Louisiana law, Hongo had to have the specific intent to kill; the intent to cause great bodily harm is not an element attempted second-degree murder. *State v. Butler*, 322 So.2d 189 (La. 1975).  Neither does the State challenge on appeal the district court's holding that Hongo's counsel's failure to object to the erroneous instruction was deficient performance.  As the Louisiana Supreme Court noted in Hongo's State habeas proceeding, "the first prong [of *Strickland*] is easily met here, as the rule of *Butler* is well-established with over twenty years duration and a reasonably competent attorney would know of it and properly object when presented with the instant erroneous instruction."  *Hongo*, 706 So.2d at 422.  The State's appeal focuses instead on whether these errors prejudiced Hongo.

In order to establish prejudice, Hongo must demonstrate that there is a reasonable probability that the jury would have had a reasonable doubt respecting Hongo's guilt if the phrase "or inflict great bodily harm" had been left out of the jury charge.  *Gray*, 6 F.3d at 269-70.  The district court conducted a *de novo* review of the record and found that the erroneous jury instruction, combined with erroneous statements of the law to the jury made by both defense counsel and the prosecutor had a substantial effect on the verdict, thus concluding that the Louisiana Supreme Court's opinion

8

denying Hongo relief incorrectly applied federal law. However, the district court erred when it failed to inquire whether the state court application of federal law was unreasonable. *See Williams*, 120 S. Ct. at 1522.

There is no dispute that the Louisiana Supreme Court applied the correct law in examining the prejudice prong of the *Strickland* ineffective assistance of counsel test. The only question is whether it correctly applied that law to the facts. Upon examination of the record, the Louisiana Supreme Court found that the jury in this case was presented with a binary choice between the State's and the defendant's version of what occurred. The defendant testified that he and the victim were struggling over the gun when it accidentally discharged. *Hongo*, 706 So.2d at 442. The State presented evidence that the defendant entered the house with the intent to kill the victim but failed to complete his plan. *Id.* There was no argument or evidence presented to the jury which would support a finding that Hongo had the intent to only inflict great bodily harm. *Id.* "Indeed, given only the two versions that were presented, no reasonable jury could have concluded that defendant had the intent to only inflict great bodily harm." *Id.* Thus, the Louisiana Supreme Court concluded that the erroneous jury instruction did not prejudice the defendant or affect the verdict. *Id.* The Louisiana Supreme Court's characterization of the evidence in the record is accurate and its application of the law to that

9

evidence is not unreasonable.

The Fifth Circuit decision in *Gray v. Lynn*, 6 F.3d 265 (5th Cir. 1993), on which the district court grounded its decision, is inapposite. In *Gray*, as in the case at bar, trial counsel failed to object to a jury instruction on attempted murder that allowed the jury to convict the defendant if they found that he intended only to inflict great bodily harm on his victim. *Id.* at 269. This court concluded that a jury could have interpreted the evidence to prove that Gray intended to harm, but not to kill, his victim based on the fact that Gray was presented with several "golden opportunities" to kill his victim, but did not take advantage of them. *Id.* at 270. Indeed, Gray fired three shots at close range, none of which hit the victim. *Id.* Therefore, we held that Gray met his burden of establishing that he had been prejudiced by his counsel's error. *Id.* at 271. Here, Hongo fired two shots at close range, hitting his victim in the head. Hongo's jury did not have the same missed "golden opportunities" to consider that we found persuasive in Gray's case. More importantly, Gray filed his federal habeas application in 1987, *id.* at 267, so the deference we owe to the State court determination in this suit, per § 2254(e)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), was not an element of the analysis in *Gray*. *See Lindh v. Murphy*, 521 U.S. 320 (1997)(holding that the provisions of the AEDPA do not apply to cases that were filed

10

before the April 1996 effective date of that act.)  Further, the state court in *Gray* never ruled on the merits of Gray's contentions, so there was no state court decision in that case to which we could have deferred.  *Gray*, 6 F.3d at 267.

We therefore conclude that the district court in this case erred in failing to afford the proper deference to the Louisiana Supreme Court's factual determinations and legal conclusion and in granting Hongo's habeas application.

Based on the foregoing we reverse the district court's grant of habeas relief to Hongo.

REVERSED.