868 So.2d 794 (2003)
STATE of Louisiana
v.
Ashley SMITH.
No. 2003 KA 0917.
Court of Appeal of Louisiana, First Circuit.
December 31, 2003.
*797 Camille A. Morvant, District Attorney, Steve M. Miller, Donald T. Carmouche, Jr., Martin Caillouet, Assistant District Attorneys, Thibodaux, Counsel for Appellee State of Louisiana.
Stephen P. Callahan, Houma, Counsel for Defendant/Appellant Ashley Smith.
Before: WHIPPLE, KUHN, and MCDONALD, JJ.
KUHN, J.
The defendant, Ashley Smith, was charged by bill of information with possession with intent to distribute marijuana, a violation of La. R.S. 40:966. He pled not guilty and, after a trial by jury, was convicted as charged. Defendant filed a motion for a new trial, which the trial court denied. The trial court sentenced the defendant to imprisonment at hard labor for ten years. Subsequently, the State filed a bill charging the defendant as a third felony habitual offender. See La. R.S. 15:529.1. After a hearing, the court adjudicated the defendant a third felony habitual offender, vacated the previously imposed sentence, and resentenced the defendant to imprisonment at hard labor for twenty years. The defendant filed a pro se motion to reconsider the sentence, and the trial court denied the motion. Defendant has appealed, urging three assignments of error: 1) The trial court erred in failing to grant a mistrial and in failing to effectively admonish the jury to disregard the inadmissible testimony of Detective Bryan Fontenot; 2) The State failed to prove that defendant possessed a specific intent to distribute marijuana; and 3) The sentence imposed upon defendant is excessive and constitutes cruel and unusual punishment. Finding no merit in these assigned errors, we affirm the defendant's conviction, habitual offender adjudication, and sentence.

FACTS
On March 21, 2002, Detective Paul Lagraize of the Thibodaux Police Department observed a green Lexus traveling northbound on Canal Boulevard in Thibodaux. The Lexus, driven by the defendant, *798 matched the description of a "be on the lookout" notice issued by the Houma Police Department earlier that day. Upon noticing that the driver was not wearing a seat belt, Lagraize conducted a traffic stop of the vehicle. As the driver prepared to stop, an unidentified black male exited the passenger side of the vehicle and fled.
Lagraize approached the vehicle and ordered the defendant to step out. The defendant exited and walked over to Lagraize's unit. As Lagraize conducted a safety pat down of the defendant, he observed a strong odor of marijuana in the defendant's clothing.
Lagraize asked the defendant to produce his driver's license and the vehicle's registration and insurance information. The defendant indicated that the information was inside the vehicle, and Lagraize accompanied the defendant to the vehicle to retrieve it. At the vehicle, the marijuana odor was stronger. As the defendant leaned into the vehicle in search of his license, Lagraize observed, on the back seat, in plain view, a large plastic bag containing a green leafy substance, later determined to be marijuana. The defendant was arrested and the vehicle was seized.
Because the defendant refused to consent to a search of his vehicle, Lagraize secured a search warrant. Among other things, approximately 888 grams of marijuana, a digital scale, a package of cigarette papers, a Nike box with cut up cigar "blunts" (marijuana cigars), and fortyeight hundred dollars in cash were recovered from the vehicle. Defendant was charged with possession of marijuana with intent to distribute.

SUFFICIENCY OF EVIDENCE
In cases such as this one, where the defendant has raised issues on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should preliminarily determine the sufficiency of the evidence before discussing the other issues raised on appeal. State v. Hearold, 603 So.2d 731, 734 (La.1992). When the entirety of the evidence, both admissible and inadmissible, is sufficient to support the conviction, the accused is not entitled to an acquittal, and the reviewing court must review the assignments of error to determine whether the accused is entitled to a new trial. Hearold, 603 So.2d at 734. Accordingly, we will first address the defendant's second assignment of error, which challenges the sufficiency of the State's evidence.
The defendant attacks his conviction of possession of marijuana with intent to distribute on two grounds. First, he contends the evidence is insufficient to prove he possessed the marijuana found in the vehicle because the State failed to exclude, as a hypothesis of innocence, the possibility that the marijuana belonged to either the owner of the vehicle or the unidentified passenger who fled the scene. Next, the defendant avers the evidence presented by the State failed to establish the requisite element of intent to distribute the marijuana.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See La.Code Crim. P. art. 821(B). The Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. In conducting this *799 review, we also must be expressly mindful of Louisiana's circumstantial evidence test, i.e., "assuming every fact to be proved that the evidence tends to prove," every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. See State v. Northern, 597 So.2d 48, 50 (La.App. 1st Cir. 1992). The reviewing court is required to evaluate the circumstantial evidence in the light most favorable to the prosecution and determine if any alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. State v. Fisher, 628 So.2d 1136, 1141 (La.App. 1st Cir.1993), writs denied, 94-0226 & 94-0321 (La.5/20/94), 637 So.2d 474 & 637 So.2d 476. When a case involves circumstantial evidence and the trier of fact reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis that raises a reasonable doubt. State v. Moten, 510 So.2d 55, 61 (La.App. 1st Cir.), writ denied, 514 So.2d 126 (La.1987).
To support a conviction for the crime charged, the State had to prove beyond a reasonable doubt the defendant: 1) possessed the controlled dangerous substance; and 2) had the intent to distribute the controlled dangerous substance. La. R.S. 40:966(A)(1); State v. Young, 99-1264, p. 10 (La.App. 1st Cir.3/31/00), 764 So.2d 998, 1006.
On the issue of whether the evidence sufficiently proved possession, the state is not required to show actual possession of the narcotics by a defendant in order to convict. State v. Trahan, 425 So.2d 1222, 1226 (La.1983). Constructive possession is sufficient. A person is considered to be in constructive possession of a controlled dangerous substance if it is subject to his dominion and control, regardless of whether or not it is in his physical possession. Also, a person may be in joint possession of a drug if he willfully and knowingly shares with another the right to control the drug. State v. Hamilton, XXXX-XXXX, p. 11 (La.App. 1st Cir.2/14/03), 845 So.2d 383, 392. However, the mere presence in the area where narcotics are discovered or mere association with the person who does control the drug or the area where it is located is insufficient to support a finding of constructive possession. State v. Harris, 94-0970, p. 4 (La.12/8/94), 647 So.2d 337, 338 (per curiam).
A determination of whether or not there is "possession" sufficient to convict depends on the peculiar facts of each case. State v. Gordon, 93-1922, p. 9 (La. App. 1st Cir.11/10/94), 646 So.2d 995, 1002. Factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute possession include his knowledge that drugs were in the area, his relationship with the person found to be in actual possession, his access to the area where the drugs were found, evidence of recent drug use, and his physical proximity to the drugs. State v. Toups, XXXX-XXXX, p. 4 (La.10/15/02), 833 So.2d 910, 913.
In the instant case, the State presented the testimony of Det. Lagraize. The detective's unrebutted testimony established that the defendant, whose clothing reeked of marijuana odor, was the driver of the green Lexus vehicle, which also smelled of strong marijuana odor and contained a large amount of marijuana in plain view on the backseat. According to Det. Lagraize, the marijuana was located a distance of approximately eighteen to twenty-four inches away from the seat in which the defendant sat.
We find that the evidence presented provided a sufficient basis upon which the jury could have inferred that the defendant *800 was aware of the presence of the marijuana in the vehicle and that he exercised dominion and control sufficient to constitute constructive possession. The defendant undoubtedly had knowledge of the presence of the marijuana in the vehicle in that it was located in plain view in close physical proximity to his seat and it emitted a strong odor. It is impossible to believe that anyone inside the vehicle could avoid seeing and/or smelling the large amount of marijuana, just as Det. Lagraize had from his position outside the vehicle.
Through cross-examination and closing arguments, the jury was made aware of the hypotheses of innocence urged by the defendant, i.e., that the vehicle owner or the passenger possessed the marijuana.[1] The verdict indicates that the jury apparently rejected these hypotheses as unreasonable. We find no error in the jury's conclusion on this issue.
As to the evidence of defendant's intent to distribute the marijuana, it is well settled that intent to distribute may be inferred from the circumstances. State v. Hearold, 603 So.2d at 735. Factors useful in determining whether the State's circumstantial evidence is sufficient to prove intent to distribute include: (1) whether the defendant ever distributed or attempted to distribute illegal drugs; (2) whether the drug was in a form usually associated with distribution; (3) whether the amount was such to create a presumption of intent to distribute; (4) expert or other testimony that the amount found in the defendant's actual or constructive possession was inconsistent with personal use; and (5) the presence of other paraphernalia evidencing intent to distribute. State v. House, 325 So.2d 222, 225 (La.1975).
In the absence of circumstances from which an intent to distribute may be inferred, mere possession of marijuana is not evidence of intent to distribute unless the quantity is so large that no other inference is reasonable. State v. Greenway, 422 So.2d 1146, 1148 (La.1982). For mere possession to establish intent to distribute, the State must prove the amount of the drug in the possession of the accused and/or the manner in which it was carried is inconsistent with personal use only. See State v. Hearold, 603 So.2d at 736. The presence of large sums of cash also is considered circumstantial evidence of intent to distribute. State v. Young, 99-1264 at p. 11, 764 So.2d at 1006; State v. Jordan, 489 So.2d 994, 997 (La. App. 1st Cir.1986).
Analyzing the facts of the instant case and applying the House factors, we conclude that the trier of fact's finding of specific intent to distribute marijuana was sufficiently supported by the circumstantial evidence presented. The state proved through expert testimony that the large amount of marijuana the defendant possessed was inconsistent with personal use. The marijuana, approximately 888 grams, was packaged in one large Ziploc plastic bag, a packaging method consistent with upper level drug distribution. Det. Fontenot, the State's expert witness, testified that 888 grams of marijuana makes approximately 592 marijuana cigarettes, an amount inconsistent with personal consumption. Further supporting the finding of intent to distribute was the drug paraphernalia (a digital scale) and the large amount of cash (approximately $4,700) found inside the vehicle.
Thus, viewing the totality of the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt, *801 and to the exclusion of any reasonable hypothesis of innocence, that the defendant possessed the marijuana with the specific intent to distribute it. The evidence presented by the State, both direct and circumstantial, clearly supports the charged offense. This assignment lacks merit.

MOTION FOR MISTRIAL
In his first assignment of error, the defendant contends the trial court erred in failing to grant his motion for a mistrial when the State's expert witness provided opinion testimony on an ultimate issue to be decided by the jury; namely, whether the amount of marijuana seized was consistent with drug distribution. Defendant further contends the trial court erred in failing to effectively admonish the jury to disregard the opinion testimony of the State's witness.
As proof of the defendant's specific intent to distribute, the State tendered Det. Bryan Fontenot of the Thibodaux Police Department as an expert in the area of narcotics. Thereafter, over the defendant's objection, the trial court accepted Det. Fontenot as an expert in "the activities conducted by individuals engaged in the distribution of marijuana."
Fontenot testified regarding the characteristics and activities of drug users and/or dealers. Fontenot testified that the street value for the amount of marijuana found in the defendant's possession (approximately 888 grams) is approximately $5,070.48. Officer Fontenot opined that, in his experience, 888 grams of marijuana would not be for personal consumption. The exact language of the contested testimony was as follows:
[Counsel for the State]: Is it your expert opinion that 888 grams of marijuana would not be for personal consumption?
[Fontenot]: That is correct. That is not for personal consumption.[2]
Prior to the submission of the case to the jury, the defendant moved for a mistrial based upon Fontenot's expert testimony. He argued that Fontenot presented prejudicial opinion testimony on his guilt, an ultimate issue for determination by the jury. Following a hearing, the trial court denied the motion. The court admonished the jury regarding Fontenot's statement.
La.Code Evid. art. 704 provides as follows:
Testimony in the form of an opinion or inference otherwise admissible is not to be excluded solely because it embraces an ultimate issue to be decided by the trier of fact. However, in a criminal case, an expert witness shall not express an opinion as to the guilt or innocence of the accused.
Louisiana jurisprudence has condemned the use of hypothetical questions that parallel the actual fact situation of the case when the prosecutor gets the expert witness to give an opinion that the person described "would be involved in the distribution of marijuana," State v. Wheeler, 416 So.2d 78, 79 (La.1982), or an opinion that the person described "would be there for the purpose of selling or distributing." State v. White, 450 So.2d 648, 649 (La. 1984).
In his testimony, Fontenot stated that in his opinion 888 grams of marijuana (the amount seized from the defendant's vehicle) was not for personal consumption. We find that this was permissible opinion *802 testimony, since knowledge of the amount of marijuana usually possessed for sale or distribution, as distinguished from amounts used or possessed for personal consumption, was not a fact within the knowledge of the average individual. Fontenot's testimony in no way expressed an opinion as to whether the defendant was guilty of the offense charged. Fontenot did not testify that the defendant, or a hypothetical person under similar facts, intended to distribute marijuana. The jury, as the ultimate finder of fact, was still required to decide the ultimate issue of whether the defendant possessed the requisite intent to distribute the marijuana. See State v. Hollins, 99-278, p. 19 (La.App. 5th Cir.8/31/99), 742 So.2d 671, 684, writ denied, 99-2853 (La.2/5/01), 778 So.2d 587.
Furthermore, we find no error in the language of the admonition provided by the trial court. As noted above, we do not find that Fontenot presented any prohibited testimony. Thus, the trial court's instruction to the jury indicating that it was the ultimate trier of fact was more than sufficient. See State v. Ducre, 2001-2778, p. 2 (La.9/13/02), 827 So.2d 1120, 1121 (per curiam). This assignment of error lacks merit.

EXCESSIVE SENTENCE
In his final assignment of error, the defendant contends the trial court erred in imposing an excessive sentence. While he acknowledges that the twentyyear sentence imposed is the statutory minimum sentence under the Habitual Offender Law, the defendant argues the sentence is excessive based upon the facts and circumstances of this case. Specifically, the defendant notes that he is a youthful offender with no history of prior violent crimes.
The Habitual Offender Law, La. R.S. 15:529.1, provides in part as follows:
(A)(1) Any person who, after having been convicted within this state of a felony... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
* * *
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
* * *
(i) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction....
At the time of the instant offense, La. R.S. 40:966(B)(2) provided that any person convicted of possession of marijuana with intent to distribute shall be sentenced to "a term of imprisonment at hard labor for not less than five years nor more than thirty years, at least five years of which shall be served without benefit of parole, probation, or suspension of sentence, and pay a fine of not more than fifty thousand dollars."
In the instant case, the defendant's underlying conviction is possession with intent to distribute marijuana. The predicate offenses are two cocaine possession convictions; the first in 1996 and another in 2000. As a third felony habitual offender with these predicates, the defendant was exposed to a potential sentence of imprisonment at hard labor for a minimum of twenty years to a maximum of sixty years, with at least five years being served without the benefit of parole. See La. R.S. 15:529.1(A)(1)(b)(i) & La. R.S. 40:966(B)(2).
*803 The Louisiana Supreme Court has repeatedly upheld the constitutionality of the Habitual Offender Law and, accordingly, the minimum sentences it imposes are likewise presumed to be constitutional. State v. Johnson, 97-1906, pp. 5-6 (La.3/4/98), 709 So.2d 672, 675; State v. Dorthey, 623 So.2d 1276 (La.1993).
A sentencing judge must always start with the presumption that a mandatory sentence under the Habitual Offender Law is constitutional. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it that would rebut this presumption of constitutionality. In order to rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, that is, that because of unusual circumstances he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Downward departures from the minimum sentence under the Habitual Offender Law should occur only in rare situations. State v. Lindsey, 99-3302, p. 5 (La.10/17/00), 770 So.2d 339, 343, citing State v. Johnson, 97-1906 at p. 9, 709 So.2d at 677.
In addition, the trial judge must keep in mind the goals of the habitual offender statute, which are to deter and punish recidivism, and that the sentencing court's role is not to question the wisdom of the Legislature in requiring enhanced punishments for multiple offenders, but rather to determine whether the particular defendant before it has proven that the minimum sentence is so excessive in his case that it violates Louisiana's constitution. Lindsey, 99-3302 at p. 5, 770 So.2d at 343.
As noted above, defendant's sentence of twenty years is the minimum under the statute and, thus, is presumed constitutional. It is therefore incumbent upon the defendant to rebut this presumption. In support of his claim that he is one of those rare persons who is deserving of a downward departure from the mandatory minimum sentence, the defendant cites only his age (23 years) and the fact that both of his prior convictions involved non-violent crimes.
Based upon our review of the record in this case, we do not find that the defendant has clearly and convincingly shown that he is exceptional. The defendant made no showing of exceptional circumstances to justify a lesser sentence. The defendant's age and lack of history of prior violent crimes are insufficient circumstances to warrant a downward departure from the mandatory minimum sentence of imprisonment at hard labor for twenty years. As explained by the Supreme Court in Lindsey, the mere fact that none of a defendant's crimes were crimes of violence has already been taken into account by the habitual offender laws.
Furthermore, we find that this defendant, who has repeatedly committed felony drug offenses, is exactly the type of recidivist that the Habitual Offender Statute intends to punish severely. Accordingly, we find no error in the trial court's imposition of the twenty-year sentence in this case. The sentence was not excessive. This assignment of error lacks merit.
For the foregoing reasons, the defendant's conviction, habitual offender adjudication, and sentence are affirmed.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.
NOTES
[1] The defendant did not testify or present any evidence at trial of this matter.
[2] It is noted that although there was no contemporaneous objection to this testimony at the time it was presented, the defendant objected to such testimony prior to the trial court accepting Fontenot as an expert witness.