McDonald, j.
|2The defendant, Ricky 0. Magee, was charged by bill of information with possession with intent to distribute cocaine, a violation of La. R.S. 40:967(A)(1). He pled not guilty and, following a jury trial, was found guilty as charged. He was sentenced to fifteen years imprisonment at hard labor. Subsequently the State filed a habitual offender bill of information. The defendant admitted to his predicate conviction and was adjudicated a second-felony habitual offender.[1] The fifteen-year sentence was vacated and the defendant was resentenced to twenty-two and one-half years imprisonment at hard labor without benefit of probation or suspension of sentence. The defendant now appeals, designating two assignments of error. We reverse the conviction, vacate the second-felony habitual offender sentence, and remand for a new trial.

FACTS

On March 30, 2010, Lt. Brent Goings, with the Washington Parish Sheriffs Office, received information from a confidential informant that the defendant wanted to trade his crack cocaine for the informant’s Loreet.[2] According to the informant, the defendant would be driving a red Dodge pickup truck and would meet the informant in the Lawrence Creek Church parking lot on Lawrence Creek Road. Lt. Goings sent Det. Robert Harris, with the Washington Parish Sheriffs Office, to watch the church parking lot. While there, Det. Harris observed the defendant pull into the parking lot, look around, then two or three seconds later, drive away. Lt. Goings explained at trial that for the confidential informant’s protection, the Lieutenant had no intention of allowing an actual drug transaction to take place between the defendant and the informant.
laWhen the defendant drove away from the church, Det. Harris radioed Lt. Goings. Lt. Goings observed the defendant travel east on Lawrence Creek Road, then pull into a private drive. Lt. Goings pulled in behind the defendant, approached him, and asked if he had his driver’s license. *535 The defendant informed him that his license was suspended. Lt. Goings arrested the defendant for driving without a license and, upon searching the defendant, found in his front pocket a rock of crack cocaine that weighed .03 grams.
The defendant did not testify at trial.

ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, the defendant argues the evidence was insufficient to support the conviction. Specifically, the defendant contends that, while he did possess cocaine, the State failed to prove that he was possessing the cocaine with the intent to distribute it.
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. If viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could not reasonably conclude that all of the essential elements of the offense have been proved beyond a reasonable doubt, then the defendant would be entitled to an acquittal. Accordingly, we proceed first to determine whether the entirety of the evidence, both admissible and inadmissible, was sufficient to support the conviction. See State v. Hearold, 603 So.2d 731, 734 (La.1992). See also Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).
A conviction based on insufficient evidence cannot stand as it violates Due Process. See U.S. Const, amend. XIV; La. Const, art. I, § 2. The standard of Preview for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also La.Code Cr. P. art. 821(B); State v. Ordodi, 2006-0207 (La.11/29/06), 946 So.2d 654, 660; State v. Mussall, 523 So.2d 1305,1308-09 (La.1988). The Jackson standard of review, incorporated in La.Code Cr. P. art. 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. See State v. Patorno, 2001-2585 (La.App. 1st Cir.6/21/02), 822 So.2d 141,144.
In his brief, the defendant concedes that he was in possession of a single rock of crack cocaine. He contends, however, there was no evidence or expert testimony to suggest that the cocaine in his possession was inconsistent with personal use. For example, the defendant did not have in his possession a large amount of cash, baggies, or any drug paraphernalia.
It is well settled that intent to distribute may be inferred from the circumstances. Factors useful in determining whether the State’s circumstantial evidence is sufficient to prove intent to distribute include: (1) whether the defendant ever distributed or attempted to distribute illegal drugs; (2) whether the drug was in a form usually associated with distribution; (3) whether the amount was such to create a presumption of intent to distribute; (4) expert or other testimony that the amount found in the defendant’s actual or constructive possession was inconsistent with personal use; and (5) the presence of other paraphernalia evidencing intent to distribute. In the absence of circumstances from which an intent to distribute may be inferred, mere possession of drugs is not *536 | ¡¡evidence of intent to distribute unless the quantity is so large that no other inference is reasonable. For mere possession to establish intent to distribute, the State must prove the amount of the drug in the possession of the accused and/or the manner in which it was carried is inconsistent with personal use only. State v. Smith, 2003-0917 (La.App. 1st Cir.12/31/03), 868 So.2d 794, 800.
None of the Smith factors were established in this case. However, Lt. Goings’s testimony about what his confidential informant had told him established, if accepted as true, that the defendant was going to trade his crack cocaine rock for a Lorcet tab (or tabs). Since distributing can include the mere delivery of a controlled dangerous substance by physical delivery, see La. R.S. 40:961(14), and assuming the information from the C.I. was admissible, then the defendant possessed cocaine with the intent to distribute it.
The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. Moreover, when there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. The trier of fact’s determination of the weight to be given evidence is not subject to appellate review. An appellate court will not reweigh the evidence to overturn a fact finder’s determination of guilt. State v. Taylor, 97-2261 (La.App. 1st Cir.9/25/98), 721 So.2d 929, 932. We are constitutionally precluded from acting as a “thirteenth juror” in assessing what weight to give evidence in criminal cases. See State v. Mitchell, 99-3342 (La.10/17/00), 772 So.2d 78, 83. The fact that the record contains evidence that conflicts with the testimony accepted by a trier of fact does not render the evidence accepted by the trier of fact insufficient. State v. Quinn, 479 So.2d 592, 596 (La.App. 1st Cir.1985).
The police observed the defendant driving in a red truck to the location by the church, all as described by the confidential informant. When the defendant was 16arrested shortly thereafter, Lt. Goings found crack cocaine in the defendant’s pocket. Accordingly, the State proved all of the elements of possession with intent to distribute cocaine.
After a thorough review of the record, we find that the evidence supports the jury’s verdict. We are convinced that viewing the evidence in the light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant was guilty. See State v. Calloway, 2007-2306 (La.1/21/09), 1 So.3d 417, 418 (per curiam). This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2

In his second assignment of error, the defendant argues the trial court erred in denying his motion for mistrial. Specifically, the defendant contends that Lt. Goings’s testimony of what his confidential informant told him constituted impermissible hearsay, which prejudiced his right to a fair trial.
The following exchange took place on the direct examination of Lt. Goings:
Q. What information did you receive from this confidential informant on March 30th of last year?
A. I received a phone call from this confidential informant that the C.I. received a phone call from a black male known only to them as “Ricky”. He wanted to trade crack cocaine for lorcet.
*537 Defense counsel objected and moved for a mistrial. He argued the State was allowed to enter hearsay which, based upon what a confidential informant had told the lieutenant highly prejudiced the defendant. The prosecutor responded that the testimony at issue was not being offered for the truth of the matter asserted, but to explain to the jury the actions of the officers. The trial court denied the motion for mistrial and stated, “The Court believes that the testimony is an exception to the hearsay rule as noted by Counsel for the State.”
Hearsay is a statement other than one made by the declarant while testifying |7at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. La.Code Evid. art. 801(C). Law enforcement officers may not testify as to the contents of an informant’s tip because such testimony violates the accused’s constitutional right to confront and cross-examine his accusers. Hearold, 603 So.2d at 737, Moreover, as to any exception to the hearsay rule based on an officer’s testimony regarding information that immediately prompted an investigation, the issue of relevancy is significantly interrelated with the hearsay issue. Id. The fact that an officer acted on information obtained from an informant may be relevant to explain his conduct, but may not be used as a passkey to bring before the jury the substance of the out-of-court information that would otherwise be barred by the hearsay rule. Id.; See State v. Hawkins, 96-0766 (La.1/14/97), 688 So.2d 473, 477-78; State v. Wille, 559 So.2d 1321, 1331 (La.1990), cert, denied, 506 U.S. 880, 113 S.Ct. 231, 121 L.Ed.2d 167 (1992).
Generally, an explanation of the officer’s actions should never be an acceptable basis upon which to admit an out-of-court declaration when the so-called “explanation” involves a direct assertion of criminal activity against the accused. Absent some unique circumstances in which the explanation of purpose is probative evidence of a contested fact, such hearsay evidence should not be admitted under an “explanation” exception. The probative value of the mere fact that an out-of-court declaration was made is generally outweighed greatly by the likelihood that the jury will consider the statement for the truth of the matter asserted. Hearold, 603 So.2d at 737-38.
However, when hearsay testimony from a police officer is improperly introduced into evidence, it will be considered harmless error if it is found to be cumulative and corroborative of other properly admitted evidence. See State v. Martin, 558 So.2d 654, 659 (La.App. 1st Cir.), writ denied, 564 So.2d 318 (La.1990). The determination is based upon whether the guilty verdict rendered was |8surely unattributable to the error. Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993). See La.Code Cr. P. art. 921; Hawkins, 688 So.2d at 478.
The authority for a mistrial based on the references to hearsay testimony is La.Code Cr. P. art. 775, which states in part that a mistrial shall be ordered on motion of the defendant when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial. See State v. Carmouche, 2001-0405 (La.5/14/02), 872 So.2d 1020, 1035. However, mistrial is a drastic remedy which should be granted only when the defendant suffers such substantial prejudice that he has been deprived of any reasonable expectation of a fair trial. State v. Berry, 95-1610 (La.App. 1st Cir.11/8/96), 684 So.2d 439, 449, writ denied, 97-0278 (La.10/10/97), 703 So.2d 603. The determination of whether *538 a mistrial should be granted is within the sound discretion of the trial court, and the denial of a motion for mistrial will not be disturbed on appeal without abuse of that discretion. State v. Lynch, 94-0543 (La.App. 1st Cir.5/5/95), 655 So.2d 470, 477, writ denied, 95-1441 (La.11/13/95), 662 So.2d 466.
In this case, while Lt. Goings’s testimony may have explained the officer’s steps in the course of his investigation, the statement was clearly hearsay and it directly implicated the defendant as having possessed cocaine with the intent to distribute it. Under Hearold, therefore, the statement should not have been admitted under the explanation exception to the hearsay rule. The issue, thus, is whether the hearsay testimony elicited at trial was harmless error. See Hawkins, 688 So.2d at 478. Had the hearsay in this case been cumulative or corroborative of other properly admitted evidence, the admission of the hearsay would have been harmless. However, Lt. Goings’s testimony about the defendant’s intent to trade cocaine for Lorcet was not cumulative or corroborative. It was, instead, the only |flevidence that suggested that a trade (or distribution) was going to be made.[3] (R. pp. 182-83, 187-88). Cf. State v. Trosclair, 584 So.2d 270, 275-76 (La.App. 1st Cir.), wñt denied, 585 So.2d 575 (La.1991).
Aside from an evidence custodian, whose testimony had nothing to do with the planned drug trade or with anything the confidential informant said, the only other witnesses who testified at trial were Lt. Goings and Det. Harris. Det. Harris, like Lt. Goings, testified about the transaction that was going to take place. In what amounted to hearsay within hearsay, Det. Harris described his surveillance role as follows:
First of all, I was sitting in the bushes area by the breezeway and my Lieutenant radioed to me on the radio that there was a transaction that was about to occur and that they had made the call and a black male that was supposed to be in a red truck, he was supposed to arrive to do a transaction of crack cocaine for lorcets in the parking lot of the church.
Defense counsel did not object to this testimony. He lodged his objection only to the very similar testimony of Lt. Goings, who testified after Det. Harris. The lack of a contemporaneous objection in this instance, however, does not defeat the defendant’s claim of substantial prejudice. Unobjected to hearsay that is the exclusive evidence of guilt is not evidence at all. See State v. Sanders, 93-0001 (La.11/30/94), 648 So.2d 1272, 1289 n. 16, cert, denied 517 U.S. 1246, 116 S.Ct. 2504, 135 L.Ed.2d 194 (1996); State v. Lubrano, 563 So.2d 847 (La.1990) (per curiam). Moreover, the hearsay in this case was too unreliable to serve as the exclusive evidence prompting the defendant’s conviction simply on the strength of |indefense counsel’s failure to lodge a contemporaneous objection. See Lubrano, 563 So.2d at 849; State v. Allien, 366 So.2d 1308, 1311 (La.1978). With no *539 other independent evidence indicating that the defendant’s sole purpose of driving to the church parking lot was to trade cocaine for Lorcet, a rational fact finder could reasonably reject the possibility that the defendant could have intended to purchase the Lorcet, or even that he drove in and out of the parking lot while possessing a rock of crack cocaine. See Lubrano, 563 So.2d at 850.
Accordingly, the trial court erred in overruling the defendant’s objection to Lt. Goings’s testimony and permitting the inadmissible hearsay to be considered by the jury. The hearsay, which was the only evidence at trial to suggest the defendant planned to trade cocaine for Lorcet, was highly prejudicial to the defendant and deprived him of a fair trial. We therefore reverse the defendant’s conviction and vacate his sentence. This case is remanded to the trial court for a new trial.
CONVICTION REVERSED, SECOND-FELONY HABITUAL OFFENDER SENTENCE IS VACATED; REMANDED FOR A NEW TRIAL.

. In 1999, the defendant was convicted of illegal possession of stolen things with a value over $500 (La. R.S. 14:69).

. According to the bill of information, the date of the offense was March 20, 2010; however, according to the trial testimony of Det. Harris and Lt. Goings, the date of the offense was March 30,2010.

. On cross-examination, Lt. Goings testified, "The only information that I had that he was going to do a transaction was the information that I received from my C.I.’’ Later in the lieutenant's cross-examination, the following exchange took place:
Q. Now, other folks can tell you that they came for one reason, but that doesn't make it true; am I correct?
A. Yes, sir.
Q. Basically, all you're going on is what someone told you.
A. I’m going by what my C.I. told me; yes, sir.
Q. What your C.I. told you. No independent knowledge yourself?
A. No independent knowledge. The only information I had was from the C.I.