## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 0195

STATE OF LOUISIANA

VERSUS

DONALD CROCHET

*DATE OF JUDGMENT:*     NOV 1 5 2019

ON APPEAL FROM THE SEVENTEENTH JUDICIAL DISTRICT COURT
NUMBER 546870, DIVISION D, PARISH OF LAFOURCHE
STATE OF LOUISIANA

HONORABLE CHRISTOPHER J. BOUDREAUX, JUDGE

* * * * * *

Kristine M. Russell                       Counsel for Appellee
District Attorney                         State of Louisiana
Joseph Sidney Soignet
Rene Charles Gautreaux
Assistant District Attorneys
Thibodaux, Louisiana

Bertha M. Hillman                         Counsel for Defendant-Appellant
Covington, Louisiana

* * * * * *

BEFORE:  McDONALD, THERIOT, AND CHUTZ, JJ.

Disposition: CONVICTIONS AND SENTENCES AFFIRMED.

**CHUTZ, J.**

The defendant, Donald G. Crochet, was charged by amended bill of information with fifty counts of pornography involving juveniles (counts 1-50), violations of La. R.S. 14:81.1; and one count of possession with intent to distribute a Schedule I controlled dangerous substance (marijuana) (count 51), a violation of La. R.S. 40:966. He pled not guilty on all counts. Following a jury trial, the defendant was found guilty as charged by unanimous verdicts on all counts. He moved for a new trial and for a post-verdict judgment of acquittal, but the motions were denied. On counts 1-50 (pornography involving juveniles), the defendant was sentenced on each count to five years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, with all sentences to run concurrently. On count 51 (possession with intent to distribute marijuana), he was sentenced to ten years imprisonment at hard labor, to run concurrently with the sentences imposed on counts 1-50. He was also ordered to comply with the sexual offender registration requirements. See La. R.S. 15:540 et seq. The defendant now appeals, contending: (1) the evidence was insufficient to support his conviction on count 51; and (2) there is error patent on the face of the record. For the following reasons, we affirm the convictions and sentences.

## FACTS

On September 24, 2015, deputies with the Lafourche Parish Sheriff's Office went to the defendant's home in Thibodaux to investigate a report of a stolen cell phone. The cell phone was not recovered, but twenty-three pounds of marijuana were discovered in the defendant's attic and at least fifty images of child pornography were found on a laptop in the home.

## SUFFICIENCY OF THE EVIDENCE

In assignment of error number one, the defendant argues the evidence was insufficient to support his conviction for possession with intent to distribute marijuana (count 51). He contends the evidence failed to exclude the reasonable hypothesis of innocence that the marijuana belonged to someone else (a seafood dealer), and that the defendant "believed that person had put only two pounds of marijuana in the attic." He does not challenge the sufficiency of the evidence to support the convictions on counts 1-50.

The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier-of-fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See La. Code Crim. P. art. 821(B). The **Jackson v. Virginia**[1] standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. In conducting this review, we also must be expressly mindful of Louisiana's circumstantial evidence test, i.e., "assuming every fact to be proved that the evidence tends to prove, in order to convict," every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. The reviewing court is required to evaluate the circumstantial evidence in the light most favorable to the prosecution and determine if any alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. When a case involves circumstantial evidence and the trier-of-fact reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis that raises a reasonable doubt. **State v. Smith**, 2003-0917 (La. App. 1st Cir. 12/31/03),

---

[1] **Jackson v. Virginia**, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

3

868 So.2d 794, 798-99.

As applicable here, it is unlawful for any person knowingly or intentionally to possess with intent to distribute a controlled dangerous substance classified in Schedule I. La. R.S. 40:966(A)(1). Marijuana is classified as a controlled dangerous substance in Schedule I. See La. R.S. 40:964, Schedule I(C)(19). The offense of possession with intent to distribute a controlled dangerous substance is comprised of two elements: (1) a knowing and intentional possession of the substance (2) with a specific intent to distribute it. **State v. Taylor**, 2016-1124 (La. 12/01/16), 217 So.3d 283, 295.

On the issue of whether the evidence sufficiently proved possession, the State is not required to show actual possession of the narcotics by a defendant in order to convict. Constructive possession is sufficient. A person is considered to be in constructive possession of a controlled dangerous substance if it is subject to his dominion and control, regardless of whether or not it is in his physical possession. Also, a person may be in joint possession of a drug if he willfully and knowingly shares with another the right to control the drug. However, the mere presence in the area where narcotics are discovered, or mere association with the person who does control the drug or the area where it is located, is insufficient to support a finding of constructive possession. **Smith**, 868 So.2d at 799.

A determination of whether or not there is "possession" sufficient to convict depends on the peculiar facts of each case. Factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute possession include his knowledge that drugs were in the area, his relationship with the person found to be in actual possession, his access to the area where the drugs were found, evidence of recent drug use, and his physical proximity to the drugs. **Smith**, 868 So.2d at 799.

4

As to the evidence of defendant's intent to distribute the marijuana, it is well settled that intent to distribute may be inferred from the circumstances. Factors useful in determining whether the State's circumstantial evidence is sufficient to prove intent to distribute include: (1) whether the defendant ever distributed or attempted to distribute illegal drugs; (2) whether the drug was in a form usually associated with distribution; (3) whether the amount was such to create a presumption of intent to distribute; (4) expert or other testimony that the amount found in the defendant's actual or constructive possession was inconsistent with personal use; and (5) the presence of other paraphernalia evidencing intent to distribute. **Smith**, 868 So.2d at 800.

In the instant case, the State presented testimony from Lafourche Parish Sheriff's Office Deputy Clay Blanchard. On September 24, 2015, Deputy Blanchard and a fellow police officer went to the defendant's home in Thibodaux to investigate a report of a stolen cell phone. The "Find my iPhone" app had identified the defendant's residence as the location of the phone. The defendant initially claimed he had no knowledge of the stolen iPhone. He did not make direct eye contact with the deputies, and his hands were very fidgety.

After being advised of his **Miranda**[2] rights, the defendant confessed that at the LSU football game the previous weekend, he had put an unattended iPhone in his pocket and gone home. The defendant claimed he threw away the iPhone after receiving a notification thereon that the authorities had been contacted concerning the theft. He further stated the "trash passed recently" so he was unsure if the iPhone would be in the trash can.

Lafourche Parish Sheriff's Office Sergeant Jeff Chamberlain arrived at the scene, and the defendant consented to a search of his home. Prior to entering the

---

[2] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

home, the police officers asked if there were any animals, booby traps, or anyone else in the home. The defendant stated there were not and he lived alone. He further stated he was nervous because he had about a quarter pound of marijuana in a shop-vac in one of the bedrooms.

The police officers noticed wet, damp grocery bags on a wheelchair under the carport. Once they entered the home, they discovered an open chest freezer with parts and pieces of suspected marijuana leaves in the bottom. A subsequent search of the shop-vac failed to reveal any marijuana. The defendant then claimed he forgot where "[he] put it," and began frantically looking in other locations in the home. The police officers detained the defendant for officer safety and obtained a search warrant for the home.

While Detective Chamberlain was typing the application for a search warrant, the defendant told him, "I got a little bit more than a quarter pound of marijuana in the house." Sergeant Chamberlain told the defendant to be honest, and the defendant stated he had "[a] couple of pounds of weed in the attic."[3] A large commercial black garbage bag containing twenty-three pounds of marijuana in one pound packages was found in the attic.

On cross-examination, Sergeant Chamberlain testified "[i]t was mentioned, through conversation," that the marijuana "belonged to some guy that owned a seafood place in Terrebonne Parish."

Sergeant Chamberlain testified that the quantity of marijuana recovered in this case was inconsistent with personal use. He testified that based on his twenty years of experience as a police officer and five years of experience as a narcotics officer, the average drug user would consume approximately one gram of marijuana

---

[3] Sergeant Chamberlain initially testified the defendant indicated he had "about twenty pounds of marijuana in the attic," but Sergeant Chamberlain subsequently indicated he had misspoken, and the defendant actually stated he had "[a] couple of pounds of weed in the attic."

at a time. He stated there were over 450 grams per pound, so twenty-three pounds of marijuana was equivalent to 10,500 individual marijuana cigarettes. He indicated that a heavy user of marijuana would consume between ten and fifteen cigarettes a day, so it would take years to consume the amount of marijuana recovered in the case; and by that time, the marijuana would turn into dust.

Additionally, deputies also recovered plastic sandwich bags, a gram scale, a wooden cigar box containing medical forceps, and a larger scale. Sergeant Chamberlain testified plastic sandwich bags are commonly used to package marijuana, a gram scale is commonly used to weigh out small amounts of marijuana, and forceps are commonly used as a "roach clip" to hold the end of a marijuana cigarette.

Any rational trier-of-fact, viewing the evidence presented in this case in the light most favorable to the State, could find that the evidence proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, all the elements of possession with intent to distribute marijuana, and the defendant's identity as the perpetrator of that offense. The verdict returned on count 51 indicates the jury rejected the defendant's claim that he had no knowledge of the twenty-three pounds of marijuana in his attic. This case involved circumstantial evidence and the trier-of-fact reasonably rejected the hypothesis of innocence that the defendant possessed twenty-three pounds marijuana without any intent to distribute the drug. The defense claimed the involvement of the defendant in count 51 was limited to allowing only a couple of pounds of marijuana to be placed in the attic of his home by a third person. No explanation was offered for the open chest freezer that contained marijuana fragments; the wet grocery bags, which may have contained the marijuana in the freezer; the packaging of the drug in one

pound amounts, which would aid in distribution; and the fact that twenty-three pounds of marijuana is inconsistent with personal use.

Rather than establish lack of intent to distribute, the defendant's claim that he only allowed a couple of pounds of marijuana to be placed in his attic by a third person provided a basis for the jury to rationally conclude the defendant was at least in joint possession of the large amount of marijuana in his attic because he willfully and knowingly shared with another the right to control the drug. See **Smith**, 868 So.2d at 799. Further, Sergeant Chamberlain testified that sometimes a house is used as a "trap house," which is where a "common person is a drug user and then starts participating in the distribution of illegal narcotics to finance their drug usage."

In regard to the evidence of drug paraphernalia in the defendant's home, the defense argued marijuana is offered for sale in zip-top, rather than fold-top, sandwich bags, but the jury apparently accepted Sergeant Chamberlain's testimony challenging the truth of that assertion because fold-top bags are cheaper than zip-top bags and drug dealers are not concerned with whether drugs spill out of their bags after the drug sale. The defense also tried to persuade the jury that drug dealers used electronic scales, rather than gram scales like the one found in the defendant's home, but the jury apparently accepted Sergeant Chamberlain's contrary testimony that gram scales were used in the sale of marijuana because they were convenient and cheap. The trier-of-fact is free to accept or reject, in whole or in part, the testimony of any witness. Unless there is internal contradiction or irreconcilable conflict with the physical evidence, the testimony of a single witness, if believed by the factfinder, is sufficient to support a factual conclusion. The trier-of-fact's determination of the weight to be given evidence is not subject to appellate review. An appellate court will not reweigh the evidence to overturn a factfinder's

determination of guilt. **State v. Howard**, 2018-0317 (La. App. 1st Cir. 9/21/18), 258 So.3d 66, 76, <u>writ denied</u>, 2018-1650 (La. 5/6/19), 269 So.2d 692.

In reviewing the evidence, we cannot say that the jury's determination was irrational under the facts and circumstances presented to them. <u>See</u> **State v. Ordodi**, 2006-0207 (La. 11/29/06), 946 So.2d 654, 662. An appellate court errs by substituting its appreciation of the evidence and credibility of witnesses for that of the factfinder and thereby overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the jury. <u>See</u> **State v. Calloway**, 2007-2306 (La. 1/21/09), 1 So.3d 417, 418 (per curiam). In accepting a hypothesis of innocence that was not unreasonably rejected by the factfinder, a court of appeal impinges on a factfinder's discretion beyond the extent necessary to guarantee the fundamental protection of due process of law. <u>See</u> **State v. Mire**, 2014-2295 (La. 1/27/16), 269 So.3d 698, 703 (per curiam).

This assignment of error is without merit.

## COMMITMENT ORDER

In assignment of error number two, the defendant argues there is patent error on the face of the record requiring amendment of the commitment order and transmittal of the amended commitment order to the Louisiana Department of Corrections. He claims the sentencing transcript and written felony sentencing document state that the sentences are to run concurrently, the commitment order "indicates that they are not," and the minute entry is silent on the issue.

The defendant is correct that the sentencing transcript and the felony sentencing document in the record both indicate that the sentences are to run concurrently. He is also correct that the sentencing minutes are silent on the issue. The defendant is incorrect, however, concerning the commitment order, which

9

specifically states in its comments section that "all counts are concurrent."[4] On the record, we find no confusion as to the terms of the confinement and, thus, no substantial rights of the accused are affected. See La. Code Crim. P. art. 921; **State v. Jackson**, 2000-0717 (La. App. 1st Cir. 2/16/01), 814 So.2d 6, 10-11, writ denied, 2001-0673 (La. 3/15/02), 811 So.2d 895.

This assignment of error is without merit.

**CONVICTIONS AND SENTENCES AFFIRMED.**

---

[4] The defendant apparently raised this issue due to the presence of a box that is marked "NO" on the first line of Section D of the commitment order, which is labeled "Sentence Conditions." The box appears next to the statement, "[t]his sentence shall be concurrent with any or every sentence the offender is **now serving**." (Emphasis added.) This provision is not applicable to the defendant because he was not serving any other sentences at that time and, therefore, the box was properly marked "no."