NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2021 KJ 0628

STATE OF LOUISIANA
IN THE INTEREST OF K.H.

Decision Rendered: **OCT 0 4 2021**

* * * * * * *

ON APPEAL FROM
THE JUVENILE COURT, DIVISION B
EAST BATON ROUGE, LOUISIANA
DOCKET NUMBER JU115053

HONORABLE GAIL GROVER, JUDGE

* * * * * * *

Katherine M. Franks
Madisonville, Louisiana

Attorney for Defendant/Appellant
K.H.


Hillar C. Moore III
District Attorney
Brittany B. Jorden
Assistant District Attorney
Baton Rouge, Louisiana

Attorneys for Appellee
State of Louisiana

**BEFORE: McDONALD, LANIER, and WOLFE, JJ.**

**McDONALD, J.**

The State of Louisiana filed a delinquency petition alleging that K.H.[1] should be adjudicated delinquent and/or in need of supervision based on the commission of possession with intent to distribute marijuana (count one),[2] illegal possession of stolen firearms (count two), illegal carrying of a weapon with a controlled dangerous substance (count three), and illegal possession of a handgun by a juvenile (count four), violations of La. R.S. 40:966(A)(1), La. R.S. 14:69.1, La. R.S. 14:95(E), and La. R.S. 14:95.8, respectively. K.H. denied the allegations. After an adjudication hearing, the juvenile court adjudicated K.H. delinquent on counts one, two, and three, and granted his motion for a directed verdict of acquittal on count four. Thereafter, the juvenile court granted K.H.'s motion to vacate the adjudication on count two. After a disposition hearing, the juvenile court committed K.H. to the Department of Public Safety and Corrections for nine months on count one and on count three, with the dispositions to be served concurrently. K.H. now appeals, challenging the sufficiency of the evidence to support the adjudication on count one. After a thorough review of the record and the assignment of error, we affirm the adjudication and disposition.

## FACTS

On the afternoon of November 2, 2020, while patrolling in an unmarked unit, Detective Corporal Ronald Norman Jr., of the Baton Rouge Police Department (BRPD), Street Crimes Division, observed the driver of a 2012 Nissan Versa fail to come to a complete stop at a stop sign located at the intersection of Uncas Street[3] and Mohican Street in Baton Rouge. Detective Norman, who was travelling directly behind the vehicle, noticed that the vehicle had a temporary tag that appeared to be "fraudulent,"

---

[1] K.H.'s date of birth is October 7, 2003, and he was a minor at the time of the offense. To protect his identity as a minor, we reference him by his initials. *See* Uniform Rules of Louisiana Courts of Appeal, Rule 5-2.

[2] Marijuana is classified as a controlled dangerous substance under La. R.S. 40:964 at Schedule I(C)(19).

[3] Although spelled differently in the record, we take judicial notice of the proper spelling of "Uncas Street." *See* La. C.E. art. 201(B); *State v. Scramuzza*, 408 So.2d 1316, 1318, n.2 (La. 1982) (taking judicial notice of named street's location, citing La. C.E. art. 201's predecessor, former La. R.S. 15:422(6)).

in part because it was improperly affixed to the window. Detective Norman then initiated a traffic stop, and the driver complied.

There were three occupants in the vehicle. Detective Norman called for backup assistance and waited for other officers to arrive before approaching the vehicle. Once Detective Gabrielle Collins and Corporal Steven Nevelles arrived, Detective Norman approached the passenger side of the vehicle. As Detective Norman opened the passenger door, he smelled marijuana emanating from the vehicle. After advising the occupants of their *Miranda* rights, Detective Norman told them he smelled the odor of marijuana and asked them if there was any marijuana or firearms in the vehicle. At that point, the driver stated there was marijuana in the glove compartment. The officers instructed the occupants to exit the vehicle. The driver was identified as K.H., the juvenile defendant in this case.

Detective Collins ushered K.H. to Corporal Nevelles. In conducting a pat down search, Corporal Nevelles retrieved a clear plastic baggie later determined to contain approximately 4.5 grams of marijuana from K.H.'s front right pocket. Detective Norman recovered a bag later determined to contain approximately 45 grams of marijuana from the glove compartment.[4] Detective Norman further observed and recovered a digital scale, located in plain view in the cup holder of the vehicle's console. A sum of cash, $272.00, was also located on the person of K.H. Detective Collins observed a firearm in plain view "poking out" from under the front of the driver's seat. Detective Collins donned gloves, and as she was retrieving the first gun, she observed and retrieved a second gun from under the driver's seat. The occupants were handcuffed and arrested.

## ASSIGNMENT OF ERROR

In his sole assignment of error, K.H. challenges his adjudication for the offense of possession with intent to distribute. K.H. argues that the State relied solely on the amount of marijuana seized, the presence of weapons in the car, the presence of a small digital scale, and the cash allegedly found on K.H. as sufficient circumstantial

---

[4] Katie Troxler, a forensic scientist for the Narcotics Unit of the Louisiana State Police Crime Lab, confirmed that the green vegetable substance seized in this case consisted of marijuana that had a recorded gross weight of 48.73 grams, in combined total.

evidence to establish his specific intent to distribute. However, he argues that, because there was no evidence that he was ever involved in trafficking drugs nor had been seen distributing or attempting to distribute the seized marijuana, the evidence is insufficient. He also contends that the marijuana was not packaged in a manner consistent with distribution, noting that the bulk of it was in a single bag, and there were no zip top bags or other packaging material located in the vehicle. K.H. concludes that the amount of marijuana did not create an inference that it was intended to be sold.

K.H. also contends that Detective Norman was not an expert witness, and the State did not present testimony by any qualified expert confirming that intent to distribute could be inferred from the amount of marijuana seized. Further, K.H. argues that, although Detective Norman stated that money was found on his person, Corporal Nevelles, who conducted the pat down search, did not report finding any money, the money was not introduced into evidence, and the denominations of the bills were unknown. K.H. further argues that the digital scale could have been present for personal use to determine the amount to be used when preparing a "blunt" or rolling the marijuana in papers for smoking, as the marijuana was in bulk form and not individually packaged. K.H. concedes that the presence of the guns is an "issue," but notes that the vehicle did not belong to him, and argues there was no indication he was aware of the presence of the guns. Hence, K.H. argues that the adjudication is not supported by sufficient evidence to establish every element of the offense of possession with intent to distribute beyond a reasonable doubt.

In a juvenile adjudication proceeding, the State must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition. *See* La. Ch.C. art. 883. The burden of proof, beyond a reasonable doubt, is no less severe than the burden of proof required in an adult proceeding. *State in Interest of D.L., Jr.,* 17-0891 (La. App. 1 Cir. 11/1/17), 233 So.3d 671, 676. Accordingly, in a juvenile delinquency proceeding, the standard of review for the sufficiency of evidence is that enunciated in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), *i.e.,* whether viewing the evidence in the light most favorable to the prosecution, any

4

rational trier of fact could have found the State proved the essential elements of the crime beyond a reasonable doubt. *See* La. C.Cr.P. art. 821(B); *State v. Ordodi,* 06-0207 (La. 11/29/06), 946 So.2d 654, 660. The *Jackson* standard is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that, assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. *State ex rel. D.F.,* 08-0182 (La. App. 1 Cir. 6/6/08), 991 So.2d 1082, 1085, *writ denied,* 08-1540 (La. 3/27/09), 5 So.3d 138.

In this case, the State had to prove beyond a reasonable doubt that K.H.: 1) possessed the controlled dangerous substance; and 2) had the specific intent to distribute the controlled dangerous substance. *See* La. R.S. 40:966(A)(1); *State v. Smith,* 03-0917 (La. App. 1 Cir. 12/31/03), 868 So.2d 794, 799. Specific intent is that state of mind that exists when the circumstances indicate the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1). Specific intent need not be proven as a fact but may be inferred from the circumstances of the transaction and the offender's actions. The existence of specific intent is an ultimate legal conclusion to be resolved by the trier of fact. *State v. Laurant,* 12-1705 (La. App. 1 Cir. 4/26/13), 2013 WL 1791049, at *3, *writ denied,* 13-2323 (La. 4/11/14), 139 So.3d 1014.

On the issue of whether the evidence sufficiently proved possession, the State is not required to show the defendant actually possessed the controlled dangerous substance in order to convict. *State v. Trahan,* 425 So.2d 1222, 1226 (La. 1983). Rather, constructive possession is sufficient. *State v. Hamilton,* 02-1344 (La. App. 1 Cir. 2/14/03), 845 So.2d 383, 392, *writ denied,* 03-1095 (La. 4/30/04), 872 So.2d 480. A person is considered to be in constructive possession of a controlled dangerous substance if it is subject to his dominion and control, regardless of whether or not it is in his physical possession. *Id.* Also, a person may be in joint possession of a drug if he willfully and knowingly shares with another the right to control the drug. *Id.* However, a person's mere presence in the area where drugs are discovered, or his

5

mere association with the person who does control the drug or the area where it is located, is insufficient to support a finding of constructive possession.[5] *Smith,* 868 So.2d at 799.

Intent to distribute a controlled dangerous substance may be inferred from the circumstances. *State v. Hearold,* 603 So.2d 731, 735 (La. 1992). Factors useful in determining whether the State's circumstantial evidence is sufficient to prove intent to distribute include: (1) whether the defendant ever distributed or attempted to distribute illegal drugs; (2) whether the drug was in a form usually associated with distribution; (3) whether the amount was such to create a presumption of intent to distribute; (4) expert or other testimony that the amount found in the defendant's possession was inconsistent with personal use only; and (5) the presence of other paraphernalia, such as bags or scales, evidencing intent to distribute. *State v. House,* 325 So.2d 222, 225 (La. 1975); *State v. Ducre,* 08-1644 (La. App. 1 Cir. 12/23/08), 2008 WL 5377668, at *3, *writ denied,* 09-0355 (La. 12/18/09), 23 So.3d 939, *cert. denied,* 560 U.S. 942, 130 S.Ct. 3365, 176 L.Ed.2d 1252 (2010).

If the circumstances do not infer an intent to distribute, mere possession of marijuana is not evidence of intent to distribute unless the quantity is so large that no other inference is reasonable. *State v. Greenway,* 422 So.2d 1146, 1148 (La. 1982). For mere possession to establish intent to distribute, the State must prove the amount of the drug in the possession of the accused and/or the manner in which it was carried is inconsistent with personal use only. *See Hearold,* 603 So.2d at 736. The presence of large sums of cash is considered circumstantial evidence of intent to distribute. *Smith,* 868 So.2d at 800; *State v. Mosley,* 08-1318 (La. App. 5 Cir. 5/12/09), 13 So.3d 705, 711, *writ denied,* 09-1316 (La. 3/5/10), 28 So.3d 1002. Moreover, the presence of guns has also been recognized as inferring intent. *State v. Allen,* 15-231 (La. App. 5 Cir. 10/14/15), 177 So.3d 771, 781. *See also State v. Warren,* 05-2248 (La. 2/22/07),

---

[5] A determination of whether or not there is "possession" sufficient to convict depends on the peculiar facts of each case. *Smith,* 868 So.2d at 799. Factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute possession include his knowledge that drugs were in the area, his relationship with the person found to be in actual possession, his access to the area where the drugs were found, evidence of recent drug use, and his physical proximity to the drugs. *State v. Toups,* 01-1875 (La. 10/15/02), 833 So.2d 910, 913; *Smith,* 868 So.2d at 799. Herein, K.H. does not challenge the evidence of the element of possession.

6

949 So.2d 1215, 1229 ("Guns and drugs frequently go hand-in-hand[.]"); *Hearold,* 603 So.2d at 736 ("Nor were any weapons or large sums of cash, items commonly seized in drug distribution arrests, found on defendant's person or in the car."); *United States v. Trullo,* 809 F.2d 108, 113 (1st Cir.), *cert. denied,* 482 U.S. 916, 107 S.Ct. 3191, 96 L.Ed.2d 679 (1987) ("[T]o substantial dealers in narcotics, firearms are as much tools of the trade as are most commonly recognized articles of drug paraphernalia.") (internal quotation marks and citation omitted).

The trier of fact, in this case, the juvenile court, is charged with making credibility determinations. Credibility determinations, as well as the weight to be attributed to the evidence, are soundly within the province of the trier of fact. Moreover, conflicting testimony as to factual matters is a question of weight of the evidence, not sufficiency. Such a determination rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. A trier of fact's determination as to a witness's credibility is a question of fact entitled to great weight, and its determination will not be disturbed unless it is clearly contrary to the evidence. In the absence of internal contradictions and irreconcilable conflicts with physical evidence, the testimony of a single witness, if believed by the trier of fact, is sufficient to support an adjudication. *See State In Interest of T.C.,* 18-1246 (La. App. 1 Cir. 12/21/18), 269 So.3d 716, 719.

Because a review of the law and facts in a juvenile delinquency adjudication proceeding is constitutionally mandated, an appellate court must review the record to determine if the juvenile court was clearly wrong in its factual findings. *See* La. Const. art. 5, §10; *State In Interest of T.C.,* 269 So.3d at 719. In a juvenile delinquency proceeding, when there is evidence before the trier of fact that, upon its reasonable evaluation of credibility, furnished a factual basis for its finding, on review, the appellate court should not disturb this factual finding unless it is manifestly erroneous. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. *State in Interest of D.M.,* 17-1418 (La. App. 1 Cir. 2/21/18), 2018 WL 1007352, at *3.

7

Herein, Detective Norman testified that he had been with the BRPD for 14 years and with the Street Crimes Division for approximately 6 years. He explained that the Street Crimes Division routinely patrolled high crime drug areas. He stated that, in his experience, the amount of marijuana seized in this case was more than the amount associated with personal use. He also stated that, even considering that three occupants were in the vehicle, the amount seized was still an excessive amount. While Detective Norman was not offered or accepted as an expert witness, a law enforcement officer is permitted to express an opinion regarding matters of personal knowledge gained through experience, even if he is not first qualified as an expert. *See* La. C.E. art. 701; *State v. Friday,* 10-2309 (La. App. 1 Cir. 6/17/11), 73 So.3d 913, 922.

Considering the totality of the circumstances in this case, and applying the *House* factors, we conclude that the juvenile court's finding of specific intent to distribute marijuana was sufficiently supported by the circumstantial evidence presented. The State proved through testimony of an experienced officer that the amount of marijuana K.H. possessed was inconsistent with personal use. The bulk of the marijuana was packaged in one large bag, a packaging method consistent with upper level drug distribution. *See Smith,* 868 So.2d at 800. K.H. was discovered with $272.00 in cash on his person. The juvenile court reasonably accepted Detective Norman's testimony on this issue, notwithstanding the lack of similar testimony from Corporal Nevelles, the officer who searched K.H. at the scene. The digital scale, known drug paraphernalia, and the guns found in the vehicle additionally support the finding of intent to distribute. Despite K.H.'s argument that there was no indication that he was aware of the guns or had exercised dominion or control over one or both of them, we reiterate that the police testimony indicated K.H. was the driver, both of the guns were located under the driver's seat, and one of the guns was, in part, in plain view, protruding from under the front of the driver's seat. We further note that the record reflects that K.H. only admitted to the presence of marijuana after Detective Norman informed him that he could smell the odor of marijuana coming from the vehicle. Based on the testimony presented, we cannot say that it is unreasonable to conclude that K.H. was aware of the presence of the guns in the vehicle, despite the lack of an

8

admission.   Lastly, we note that there was no evidence indicating that paraphernalia commonly associated with the consumption of marijuana, such as rolling paper, pipes, bongs, or cigar wrappings, was found in the vehicle.  *See Ducre,* 2008 WL 5377668, at *4.

Based on our review of the record, we cannot say that the juvenile court was clearly wrong.  Viewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence that K.H. was guilty of possession of marijuana with intent to distribute.  Thus, after undertaking the constitutionally-mandated review of the law and facts, we find the juvenile court did not manifestly err in its adjudication.  The sole assignment of error lacks merit.

**ADJUDICATION AND DISPOSITION AFFIRMED.**